UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------

LIBERTY CAPITAL GROUP, individually
and on behalf of all others similarly
situated,

        Plaintiff,

   -v-

OPPENHEIMER & CO., INC.,

        Defendant.

25-cv-4822 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

On or about January 12, 2026, in response to a request from plaintiff Liberty Capital Group ("Liberty"), defendant Oppenheimer & Co., Inc. produced a privilege log asserting attorney-client privilege and/or work-product claims over some 1,759 documents. See ECF No. 73-2 at 9-10. Certain of Oppenheimer's claims of privilege and/or work-product protection were promptly challenged by Liberty's counsel, see id. at 8-9, and following several weeks of conferral between the parties that resulted in, among other things, Oppenheimer's production of a supplemental privilege log, see id. at 2-7, the Court held a hearing on March 23, 2026. See Minute Entry, March 23, 2026. At that hearing, the Court directed defense counsel to produce a more detailed privilege log as well as to review Oppenheimer's underlying claims of privilege and/or work-product protection.

On March 26, 2026, Oppenheimer withdrew its claims of privilege and/or work-product protection as to a total of 106 documents. Because

1

of doubts expressed by Liberty as to Oppenheimer's remaining claims of privilege and/or work-product protection, on March 27, 2026, the Court directed defense counsel to provide to the Court, ex parte, a random sampling (selected by the Court) of the documents still in dispute. Specifically, the Court selected a total of 100 documents for in camera review, consisting of 79 documents as to which Liberty had directly challenged Oppenheimer's claim of privilege and/or work-product protection and 21 further documents to which the disputed documents were attached.

Oppenheimer provided the requested documents on March 27, 2026. The Court then personally reviewed those documents and was immediately struck by the fact that some appear to be clearly unprivileged or unprotected on their face, such as, for example, documents Priv_OpCo-Liberty-001066, Priv_OpCo-Liberty-001225, and Priv_OpCo-Liberty-001236. Other documents struck the Court as of questionable eligibility for privilege and/or work-product protection. See, e.g., Priv_OpCo-Liberty-000037, Priv_OpCo-Liberty-000229, Priv_OpCo-Liberty-000320, Priv_OpCo-Liberty-000859, Priv_OpCo-Liberty-000901, Priv_OpCo-Liberty-000961, Priv_OpCo-Liberty-002004.

The Court is perplexed that Oppenheimer appears to still be claiming privilege and/or work-product protection for documents as to which no apparent privilege or protection obtains. Accordingly, Oppenheimer is ordered to once again review the remaining documents as to which it is claiming privilege and/or work-product protection.

2

This review must be conducted by one of the partners of the law firm representing Oppenheimer in this matter and may not be delegated to any associate, paralegal, electronic tool, or the like. The review must be completed by the end of the day on Wednesday, April 1, 2026. Oppenheimer must then provide a final privilege log to the Court and to Liberty by no later than 2:00 p.m. on Thursday, April 2, 2026. The Court will then determine whether still further in camera review is required. However, the Court puts defense counsel on notice that, if any documents remain on the final privilege log as to which no reasonable claim of privilege and/or work-product protection can be made, the Court may have no alternative but to impose sanctions.

SO ORDERED.

New York, New York
March 3 0, 2026

_____
JED S. RAKOFF, U.S.D.J.

3