UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

LIBERTY CAPITAL GROUP, Individually   :   Civil Action No. 1:25-cv-04822-JSR
and on Behalf of All Others Similarly Situated, :
                                      :    CLASS ACTION
              Plaintiff,    :
                                        :    [PROPOSED] ORDER GRANTING
      vs.                              :    PRELIMINARY APPROVAL OF CLASS
                                        :    ACTION SETTLEMENT, APPROVING
OPPENHEIMER HOLDINGS INC.,       :    FORM AND MANNER OF NOTICE, AND
OPPENHEIMER & CO. INC., and        :    SETTING DATE FOR HEARING ON
OPPENHEIMER ASSET MANAGEMENT   :    FINAL APPROVAL OF SETTLEMENT
INC.,                                          :
                                         :
            Defendants.    :
                                         :

——————————————————— x

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 2 of 56

**WHEREAS:**

A.      On May 13, 2026, Liberty Capital Group ("Plaintiff"), on behalf of itself and all other members of the Class, on the one hand, and Oppenheimer & Co. Inc. ("Oppenheimer" or "Defendant"), on the other hand, entered into a "Stipulation of Settlement" (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged, or that could have been alleged (as described further in the "Released Plaintiff's Claims"), in Plaintiff's Class Action Complaint, filed on June 6, 2025, on the merits and with prejudice (the "Settlement");

B.      The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.      The Parties to the Stipulation have consented to the entry of this Order; and

D.      All capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this 22nd day of May, 2026 that:**

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, on September 17, 2026, at 4:00 p.m. for the following purposes:

Case 1:25-cv-04822-JSR     Document 170     Filed 05/22/26     Page 3 of 56

(a)     to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)     to determine whether the "[Proposed] Final Order and Judgment" (the "Judgment") as provided under the Stipulation should be entered, and to determine whether the release by Plaintiff and the Class of the Released Plaintiff's Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)     to determine whether the release by the Released Defendant Parties of the Released Defendant's Claims, as set forth in the Stipulation, should be provided to the Released Plaintiff Parties;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)     to consider Class Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Plaintiff in connection with its representation of the Class); and

(f)     to rule upon such other matters as the Court may deem appropriate.

3.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further individual notice to members of the Class. Any such changes shall be posted on the website dedicated to the Settlement and on the docket for this case.

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 4 of 56

4.    The Court approves the form, substance, and requirements of the "Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses" (the "Notice") and the "Proof of Claim and Release Form" ("Claim Form"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, and finds they: (a) constitute the best notice to the Class practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise members of the Class of their right to object to the proposed Settlement or to exclude themselves from the Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the Due Process Clause of the United States Constitution, and the Rules of this Court.

5.    The Court approves the retention of Verita Global ("Verita") as the Claims Administrator. The Claims Administrator shall cause the Notice and the Claim Form, substantially in the forms annexed hereto (the "Claims Packet"), to be emailed or mailed, by first-class mail, postage prepaid, on a date (the "Notice Date") that is on or before twenty-eight (28) calendar days after entry of this Order, to all members of the Class who can be identified with reasonable effort. Oppenheimer, to the extent it has not already done so, shall use its best efforts to obtain and provide to Class Counsel, or the Claims Administrator, at no cost to Class Counsel or the Claims Administrator, within ten (10) business days after entry of this Order, records in electronic searchable form, to the extent readily available, showing the names, addresses, and/or email addresses of Class Members.

6.    Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Claims Packet.

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 5 of 56

7.     The Court approves the form of the "Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses" ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3, and directs that Class Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within seven (7) calendar days of the Notice Date. Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

8.     The form and content of the notice program described herein, and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons and entities entitled thereto.

9.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked or submitted online no later than September 17, 2026 (90 calendar days after the Notice Date). Such deadline may be further extended by Court order or by Class Counsel in its discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any member of the Class who does not timely

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 6 of 56

submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 11 of this Order. Notwithstanding the foregoing, Class Counsel may, in its discretion, accept late-submitted Claim Forms for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Plaintiff, Plaintiff's Counsel, or the Claims Administrator by reason of the decision to exercise such discretion.

(b)     The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form deemed adequate by the Claims Administrator and/or Class Counsel; (iii) if the Person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

10.     Any member of the Class may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any member of the Class does not enter an appearance, he, she, or it will be represented by Class Counsel.

- 5 -

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 7 of 56

11.    Members of Class shall be bound by the Stipulation and all orders, releases, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A member of the Class wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such a request for exclusion must state the name, address, and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Class in *Liberty Capital Group v. Oppenheimer & Co. Inc.*, No. 1:25-cv-04822-JSR (S.D.N.Y.)," and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the amount deposited in the Advantage Bank Deposit Program ("ABD Program") during the Class Period and the time period during which the Class Member participated in the ABD Program.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12.    Members of the Class requesting exclusion from the Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

13.    Class Counsel or the Claims Administrator shall cause to be provided to Oppenheimer's Counsel copies of all requests for exclusion, promptly upon receipt and as expeditiously as possible, and in any event, not less than three (3) calendar days after receiving a request for exclusion or fourteen (14) calendar days prior to the Settlement Hearing, whichever is earlier.

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 8 of 56

14.    Any member of the Class who or which does not request exclusion from the Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for attorneys' fees and expenses.  Any objections must:  (i) state the name, address, telephone number, and e-mail address of the objector and must be signed by the objector, even if the objector is represented by counsel; (ii) state whether the objector is objecting to the proposed Settlement, the Plan of Allocation, and/or the application for attorneys' fees and Litigation Expenses in *Liberty Capital Group v. Oppenheimer & Co. Inc.*, No. 1:25-cv-04822-JSR (S.D.N.Y.); (iii) state the objections and specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and any legal and evidentiary support, and witnesses, the member of the Class wishes to bring to the Court's attention; include documents sufficient to prove the objector's membership in the Class; and (iv) identify all class action settlements to which the objector and his, her, its, or their counsel have objected in the prior five (5) years.  The Court will consider any member of the Class's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Person has served by hand or by mail his, her, or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Class Counsel: Stephen R. Astley, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA  92101; and Oppenheimer's Counsel: Bernard J. Garbutt III and Grant R. MacQueen, Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY  10178; and has filed, either by mail or in Person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  Any member of the Class who does not make his, her, its, or their objection in the manner

provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the Settlement Hearing is not necessary; however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

15.    Members of the Class do not have to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement.

16.    Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all members of the Class, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts any of the Released Plaintiff's Claims against any of the Released Defendant Parties.

17.    As provided in the Stipulation, prior to the Effective Date, Class Counsel may expend reasonable fees and costs associated with giving notice to members of the Class and the review of claims and administration of the Settlement out of the Settlement Fund.

18.     All papers in support of the Settlement, the Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

19.     No Person who is not a member of the Class or Plaintiff's Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

20.     All funds held in the Escrow Account in connection with the Settlement shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

21.     Robbins Geller Rudman & Dowd LLP alone agrees to be, shall be, and shall act as Escrow Agent pursuant to the terms and conditions of the Stipulation, and agrees to be, and shall be, solely responsible and liable for the management, operation, and administration of the Settlement Fund, the Escrow Account, and for its acts and omissions as Escrow Agent.  Once Oppenheimer has deposited the Settlement Amount into the Escrow Account in accordance with ¶6 of the Stipulation, Oppenheimer shall be deemed to have relinquished control over the Settlement Amount to the Escrow Agent, and Oppenheimer and the Released Defendant Parties shall have no responsibilities or liabilities relating to, arising out of, or in any way whatsoever connected with the Settlement Amount, the Settlement Fund, and the Escrow Account.  Robbins Geller Rudman & Dowd LLP indemnifies and holds harmless Oppenheimer and the Released Defendant Parties for Robbins Geller Rudman & Dowd LLP's management, operation, and

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 11 of 56

administration of the Settlement Fund and the Escrow Account and for Robbins Geller Rudman & Dowd LLP's acts and omissions as Escrow Agent, including for any attorneys' fees or litigation expenses incurred by Oppenheimer and the Released Defendant Parties in connection with any Claim relating to, arising out of, or in any way whatsoever connected with the Settlement Fund, the Escrow Account, or Robbins Geller Rudman & Dowd LLP acting as Escrow Agent. The terms and conditions of this paragraph are material terms and conditions of the Stipulation and of the Settlement.

22.    Neither Oppenheimer, the Released Defendant Parties, nor Oppenheimer's Counsel shall have any responsibility for the Plan of Allocation nor any application for attorneys' fees or Litigation Expenses submitted by Class Counsel or Plaintiff, and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of April 22, 2026.

24.    This Order, the Stipulation and the Settlement, and any related terms and conditions, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation or the Settlement, and any matter arising in connection with such settlement discussions or negotiations, proceedings, or agreements: (a) do not constitute evidence of, shall not be construed or deemed to be evidence of, and shall not be offered or received against or to the prejudice of any of the "Released Defendant Parties" (as defined in the Stipulation)

as evidence of, any presumption, concession, or admission by any of the Released Defendant Parties: (i) with respect to the truth of any allegation or assertion by Plaintiff and the Class, or the validity of any cause of action, claim, allegation, or assertion that has been or could have been asserted by Plaintiff or the Class in the Action or in any litigation, including, but not limited to, any breach, fault, misconduct, wrongdoing, negligence, misrepresentation, omission, liability, or damages whatsoever by any of the Released Defendant Parties; (ii) with respect to any infirmity in any defense that has been or could have been asserted by Oppenheimer; or (iii) for any other reason as against any of the Released Defendant Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation and the Settlement are approved by the Court, the Released Defendant Parties and their respective counsel may refer to the Stipulation to effectuate the protections granted thereunder or otherwise to enforce the terms of the Stipulation or of the Settlement; (b) do not constitute, and shall not be offered or received against or to the prejudice of Oppenheimer and any of the Released Defendant Parties as evidence of, a presumption, concession, or admission of any misrepresentation, misleading statement, or omission with respect to any statement or written document approved or made by Oppenheimer or the Released Defendant Parties; (c) do not constitute, and shall not be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Plaintiff Parties and their

respective counsel may refer to the Stipulation to effectuate the protections granted thereunder or otherwise to enforce the terms of the Stipulation or of the Settlement; (d) do not constitute, and shall not be construed against any of the Released Parties as, an admission, concession, or presumption that the consideration to be given under the Stipulation or the Settlement represents the amount which could be or would have been recovered after trial; and (e) shall not be construed against the Released Plaintiff Parties that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.  Oppenheimer specifically reserves and preserves any and all defenses to any claims that may be filed by anyone, including any individual or entity that has sought, or seeks, exclusion from the Class.

25.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this 22nd day of May, 2026

New York NY

_____
THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 14 of 56

# EXHIBIT 1

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 15 of 56

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

LIBERTY CAPITAL GROUP, Individually  :  Civil Action No. 1:25-cv-04822-JSR
and on Behalf of All Others Similarly Situated, :

                                                :  CLASS ACTION
                Plaintiff,  :

                                             :  NOTICE OF PENDENCY OF CLASS
                                           :  ACTION, PROPOSED SETTLEMENT, AND
       vs.  :  MOTION FOR ATTORNEYS' FEES AND
                                           :  EXPENSES
OPPENHEIMER HOLDINGS INC.,  :
OPPENHEIMER & CO. INC., and  :
OPPENHEIMER ASSET MANAGEMENT  :
INC.,  :

                Defendants.  :

——————————————————————— x

If you participated in Oppenheimer & Co. Inc.'s ("Oppenheimer") Advantage Bank Deposit Program ("ABD Program" or "ABDP") from March 17, 2022 through May 22, 2026, you may be entitled to a payment from a class action settlement.

*A Federal Court authorized this Notice. This is __not__ a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this class action, wish to object, or wish to be excluded from the Class.[1]

- If approved by the Court, the proposed Settlement will create a $70 million cash fund, plus earned interest, for the benefit of eligible members of the Class after the deduction of Court-approved fees, expenses, and Taxes.

- The Settlement resolves claims by Court-appointed Class Representative Liberty Capital Group (the "Plaintiff") that have been asserted on behalf of the Class (defined below) against Oppenheimer. It avoids the costs and risks of continuing the litigation; pays money to eligible Class Members; and releases the Released Defendant Parties (defined below) from liability.

**If you are a member of the Class, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY SEPTEMBER 17, 2026** | The only way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE CLASS BY AUGUST 27, 2026** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Oppenheimer and/or the other Released Defendant Parties concerning the Released Plaintiff's Claims. *See* Question 10 for details. |
| **OBJECT BY AUGUST 27, 2026** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Class Counsel's Fee and Expense Application. If you object, you will still be in the Class. *See* Question 14 for details. |

---

[1] The terms and conditions of the Settlement are in the Stipulation of Settlement, dated May 13, 2026 (the "Stipulation"), which can be viewed at www.OppenheimerCashSweepLitigation.com. All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 17 of 56

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **PARTICIPATE IN A HEARING ON SEPTEMBER 17, 2026, AND FILE A NOTICE OF INTENTION TO APPEAR BY AUGUST 27, 2026** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 18 for details. |
| **DO NOTHING** | Get no payment. Give up rights. Still be bound by the terms and conditions of the Stipulation and the Settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to all members of the Class who timely submit valid Claim Forms, if the Court approves the Settlement, and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

Summary of the Notice ................................................................................ Page __
Why did I get this Notice? ........................................................................... Page __
How do I know if I am part of the Class? .................................................... Page __
Are there exceptions to being included? ...................................................... Page __
Why is this a class action? .......................................................................... Page __
What is this case about and what has happened so far? ................................. Page __
What are the reasons for the Settlement? ..................................................... Page __
What does the Settlement provide? .............................................................. Page __
How can I receive a payment? ..................................................................... Page __
What am I giving up to receive a payment and by staying in the
  Class? ...................................................................................................... Page __
How do I exclude myself from the Class? .................................................... Page __
If I do not exclude myself, can I sue Oppenheimer and the other
  Released Defendant Parties for the same reasons later? ........................... Page __
Do I have a lawyer in this case? .................................................................. Page __
How will the lawyers be paid? ..................................................................... Page __
How do I tell the Court that I do not like something about the
  proposed Settlement? .............................................................................. Page __
What is the difference between objecting and seeking exclusion? ................ Page __
When and where will the Court decide whether to approve the
  Settlement? ............................................................................................. Page __
Do I have to come to the Settlement Hearing? ............................................. Page __
May I speak at the Settlement Hearing? ....................................................... Page __
What happens if I do nothing at all? ............................................................ Page __
Are there more details about the Settlement? .............................................. Page __
How will my claim be calculated? ............................................................... Page __

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 18 of 56

## SUMMARY OF THE NOTICE

**Statement of the Class's Recovery**

1.     Plaintiff has entered into the proposed Settlement with Oppenheimer, which, if approved by the Court, will resolve the Action in its entirety.  Subject to Court approval, Plaintiff, on behalf of the Class, has agreed to settle the Action in exchange for a payment of $70,000,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"), and Robbins Geller Rudman & Dowd LLP, as Escrow Agent, agrees to accept and hold the Settlement Amount in escrow pursuant to the terms and conditions of the Stipulation.  A Class Member's actual recovery will depend on, for example:  the number of claims submitted; the amount of the Net Settlement Fund; and the amount of time each Class Member participated in the ABD Program, and their level of deposits.  *See* the Plan of Allocation beginning on page [___] for information on the calculation of your Notional Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.     The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Plaintiff prevailed on each claim.  The issues that the Parties disagree about include, for example: whether Oppenheimer paid interest rates on brokerage customers' balances in the ABDP that Plaintiff claims Oppenheimer was obligated to pay; and whether Plaintiff or the Class has suffered any legally cognizable damages.

3.     Oppenheimer has denied, and continues to deny, any breach, fault, misconduct, wrongdoing, negligence, misrepresentation, omission, liability, or damages whatsoever or that it has committed any act or omission giving rise to any liability or violation of law, including, but not limited to, any breaches of any duty, obligation, contract, or implied covenant of good faith and fair dealing by Oppenheimer, and any common law, state or federal statutory, or equitable

- 3 -

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 19 of 56

Claim concerning Oppenheimer's ABDP, including, but not limited to, any Claim for a violation of New York General Business Law § 349 by Oppenheimer, and any Claim for a breach of fiduciary duty by Oppenheimer, concerning Oppenheimer's ABDP. Oppenheimer has denied, and continues to deny, each and every one of the causes of action, claims, and allegations alleged and asserted by Plaintiff in the Action on behalf of the Class, including all causes of action, claims, and allegations alleged and asserted in the Complaint. Oppenheimer has also denied, and continues to deny, *inter alia*, the allegations and assertions that Plaintiff or members of the Class have suffered damages or were otherwise harmed by the conduct, statements, acts, and/or omissions alleged or asserted in the Action.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Class Counsel will apply to the Court for attorneys' fees from the Settlement Fund, on behalf of all Plaintiff's Counsel, in an amount not to exceed 30% of the Settlement Fund, or $21 million, plus accrued interest. Class Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $2.75 million, plus accrued interest, which may include an award to Plaintiff in connection with its representation of the Class. A copy of the Fee and Expense Application will be posted on www.OppenheimerCashSweepLitigation.com after it is filed with the Court.

**Reasons for the Settlement**

5.      For Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may issue unfavorable opinions on the pending summary judgment and other pre-trial evidentiary motions; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in such litigation.

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 20 of 56

6.      For Oppenheimer, which denies all allegations of wrongdoing or liability or that it has committed any act or omission giving rise to any liability or violation of law whatsoever and denies that members of the Class were damaged, the principal reason Oppenheimer is entering into the Stipulation and the Settlement is solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Oppenheimer has determined that it is desirable and beneficial to it that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation and the Settlement.

**Identification of Representatives**

7.      Plaintiff and the Class are represented by Class Counsel, Stephen R. Astley, Robbins Geller Rudman & Dowd LLP, 225 NE Mizner Boulevard, Suite 720, Boca Raton, FL 33432, www.rgrdlaw.com, settlementinfo@rgrdlaw.com, 1-800-449-4900.

8.      Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: Verita Global, P.O. Box 301170, Los Angeles, CA 90030-1170, toll-free at 1-888-808-7104, or by visiting the website, www.OppenheimerCashSweepLitigation.com.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

**1.      Why did I get this Notice?**

9.      The Court authorized that this Notice be sent to you because you or someone in your family may have participated in Oppenheimer's ABD Program during the period from March 17, 2022 through May 22, 2026 (the "Class Period"). **Receipt of this Notice does not mean that you are a member of the Class or that you will be entitled to receive a payment. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.** *See* **Question 8 below.**

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 21 of 56

10.     The Court directed that this Notice be sent to members of the Class because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.     The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *Liberty Capital Group v. Oppenheimer & Co. Inc.*, Civil Action No. 1:25-cv-04822-JSR.  The Action is assigned to the Honorable Jed S. Rakoff, United States District Judge.

**2.     How do I know if I am part of the Class?**

12.     The Court has directed that everyone who fits the following description is a member of the Class and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Class (*see* Question 10 below):

**All customers of Oppenheimer or Oppenheimer Asset Management Inc. that participated in Oppenheimer's ABD Program from March 17, 2022 through May 22, 2026.**

13.     Check your investment records or contact your broker to see if you participated in the ABD Program during the Class Period.

**3.     Are there exceptions to being included?**

14.     Yes.  There are some individuals and entities who are excluded from the Class by definition.  Excluded from the Class are: Oppenheimer, the officers and directors of Oppenheimer at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Oppenheimer has or had a controlling interest.  Also excluded from the Class is anyone who timely and validly seeks exclusion from the Class in accordance with the procedures described in Question 10 below.

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 22 of 56

**4.    Why is this a class action?**

15.    In a class action, one or more persons or entities (in this case, Plaintiff) sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One court resolves the issues for all members of the class at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed Liberty Capital Group to serve as the Class Representative and has appointed Robbins Geller Rudman & Dowd LLP to serve as Class Counsel.

**5.    What is this case about and what has happened so far?**

16.    On June 6, 2025, a complaint (the "Complaint") was filed in the United States District Court for the Southern District of New York (the "Court") alleging causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, negligence, negligent misrepresentations and omissions, violation of New York General Business Law § 349, and unjust enrichment against Oppenheimer, Oppenheimer Holdings Inc. ("OPY") and Oppenheimer Asset Management Inc. ("OAM").

17.    On October 6, 2025, the Court granted in part and denied in part the defendants' motion to dismiss with respect to Oppenheimer, and granted the motion to dismiss in its entirety with respect to OPY and OAM.  ECF 47.

18.    On October 17, 2025, Oppenheimer filed its answer to the Complaint.  ECF 49.

19.    On December 8, 2025, the Court entered an opinion and order appointing Robbins Geller Rudman & Dowd LLP as Class Counsel and certifying this Action as a class action on behalf of "all participants in the Advantage Bank Deposit Program from March 17, 2022, through

Case 1:25-cv-04822-JSR     Document 170     Filed 05/22/26     Page 23 of 56

the present," subject to certain exclusions, with respect to three New York state law claims: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; and (3) violation of New York General Business Law § 349. ECF 67. In its opinion and order, the Court found that the class includes as members advisory services customers and that "Oppenheimer's alleged conduct as to any one of its advisory services customers implicates the same set of concerns as its conduct to all such customers." ECF 67 at 10 n.3 (internal quotation and citation omitted).

20.     The Parties filed their cross motions for summary judgment and *Daubert* motions on March 30, 2026. Opposition papers were filed on April 13, 2026 (ECF 116-129), and replies were filed on April 20, 2026. ECF 144-152. Those motions were scheduled to be heard on April 30 – May 1, 2026. However, on April 24, 2026, the Parties participated in a telephonic conference with the Court. Upon the Parties' joint request, the Court adjourned the hearings on the Parties' summary judgment and *Daubert* motions.

21.     The Parties began exploring the possibility of a settlement in early 2026. Specifically, the Parties agreed to engage in mediation and subsequently retained the Hon. Layn R. Phillips (Ret.) of Phillips ADR Enterprises to act as mediator in the Action.

22.     Following mediation and further negotiations, on April 22, 2026, the Parties reached an agreement to settle the Action, which was memorialized in a term sheet executed and finalized on April 24, 2026 (the "Term Sheet"), that contemplated the execution of a "customary long form" stipulation of settlement and related papers.

23.     The Stipulation (together with the exhibits thereto) and the Settlement reflect the final and binding agreement between the Parties and supersedes the Term Sheet.

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 24 of 56

24.    Plaintiff, through Class Counsel, stipulates that it conducted an extensive investigation into the claims and the underlying events and transactions alleged in the Complaint. Based upon their investigation, prosecution, and mediation of the case, and taking into consideration the immediate and significant monetary benefit that members of the Class will receive from the Settlement, weighed against the significant risks of continued litigation and trial, Plaintiff and Class Counsel stipulate that they have concluded that the terms and conditions of this Settlement, as embodied herein, are fair, reasonable, and adequate to Plaintiff and to the other members of the Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and conditions of the Stipulation.

25.    Oppenheimer has denied, and continues to deny, any breach, fault, misconduct, wrongdoing, negligence, misrepresentation, omission, liability, or damages whatsoever or that it has committed any act or omission giving rise to any liability or violation of law, including, but not limited to, any breaches of any duty, obligation, contract, or implied covenant of good faith and fair dealing by Oppenheimer, and any common law, state or federal statutory, or equitable Claim concerning Oppenheimer's ABDP, including, but not limited to, any Claim for a violation of New York General Business Law § 349 by Oppenheimer, and any Claim for a breach of fiduciary duty by Oppenheimer. Oppenheimer has denied, and continues to deny, each and every one of the causes of action, claims, and allegations alleged and asserted by Plaintiff in the Action on behalf of the Class, including all causes of action, claims, and allegations alleged and asserted in the Complaint. Oppenheimer has also denied, and continues to deny, *inter alia*, the allegations and assertions that Plaintiff or members of the Class have suffered damages or were otherwise harmed by the conduct, statements, acts, and/or omissions alleged or asserted in the Action. Oppenheimer is entering into the Stipulation and Settlement solely to eliminate the uncertainty,

burden, and expense of further protracted litigation. Oppenheimer has determined that it is desirable and beneficial to it that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation and the Settlement.

**6.    What are the reasons for the Settlement?**

26.    The Court did not finally decide in favor of Plaintiff or Defendant. Instead, both sides agreed to a settlement. Plaintiff and Class Counsel believe that the claims asserted in the Action have merit. They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability. Assuming the claims proceeded to trial, the Parties would present factual and expert testimony on each of the disputed issues, and there is a risk that the Court or jury would resolve these issues unfavorably against Plaintiff and the Class. In light of the Settlement and the guaranteed cash recovery to the Class, Plaintiff and Class Counsel believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Class.

27.    Oppenheimer has denied, and continues to deny, any breach, fault, misconduct, wrongdoing, negligence, misrepresentation, omission, liability, or damages whatsoever or that it has committed any act or omission giving rise to any liability or violation of law, including, but not limited to, any breaches of any duty, obligation, contract, or implied covenant of good faith and fair dealing by Oppenheimer, and any common law, state or federal statutory, or equitable Claim concerning Oppenheimer's ABDP, including, but not limited to, any Claim for a violation of New York General Business Law § 349 by Oppenheimer, and any Claim for a breach of fiduciary duty by Oppenheimer. Oppenheimer has denied, and continues to deny, each and every one of the causes of action, claims, and allegations alleged and asserted by Plaintiff in the Action on behalf of the Class, including all causes of action, claims, and allegations alleged and asserted

- 10 -

Case 1:25-cv-04822-JSR   Document 170   Filed 05/22/26   Page 26 of 56

in the Complaint. Oppenheimer has also denied, and continues to deny, *inter alia*, the allegations and assertions that Plaintiff or members of the Class have suffered damages or were otherwise harmed by the conduct, statements, acts, and/or omissions alleged or asserted in the Action. Oppenheimer is entering into the Stipulation and Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Oppenheimer has determined that it is desirable and beneficial to it that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation and the Settlement.

## THE SETTLEMENT BENEFITS

**7.    What does the Settlement provide?**

28.    In exchange for the Settlement and the release of the Released Plaintiff's Claims against the Released Defendant Parties, Oppenheimer has agreed to cause a $70 million ($70,000,000) cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to members of the Class who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

**8.    How can I receive a payment?**

29.    To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. You may also obtain one from the website dedicated to the Settlement: www.OppenheimerCashSweepLitigation.com, or submit a claim online at www.OppenheimerCashSweepLitigation.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-888-808-7104.

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 27 of 56

30.     Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the Claim Form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than September 17, 2026.**

**9.      What am I giving up to receive a payment and by staying in the Class?**

31.     If you are a member of the Class and do not timely and validly exclude yourself from the Class, you will remain in the Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiff's Claims" against the "Released Defendant Parties." All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)     **"Released Plaintiff's Claims"** means any and all Claims and Unknown Claims that arise out of, relate to, or are in any way whatsoever connected with any of the facts, acts, statements, omissions, transactions, and/or occurrences that have been alleged to form a basis of liability, or that could have been alleged to form a basis of liability, in the Action or in any other forum (including any facts, acts, statements, omissions, transactions, and/or occurrences alleged to be, or that could be alleged to be, past, present, or continuations in the future), including, but not limited to, any alleged breaches of any duty, obligation, contract, or implied covenant of good faith and fair dealing by Oppenheimer, and any common law, state or federal statutory, or equitable Claim concerning Oppenheimer's ABDP, including, but not limited to, any Claim for a violation of New York General Business Law § 349 by Oppenheimer, and any Claim for breach of fiduciary duty by Oppenheimer. For the avoidance of doubt, Released Plaintiff's Claims do not include: claims relating to the enforcement of the Stipulation or of the Settlement; or any claims of Persons who submit a timely and valid request for exclusion from the Class that is accepted by the Court.

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 28 of 56

(b)    **"Released Defendant Parties"** means Oppenheimer, OPY, and OAM, and each and every of their respective former or current direct or indirect parents, subsidiaries, affiliates, and each and every of their former or current controlling Persons, officers, directors, stockholders, employees, agents, fiduciaries, predecessors, successors, trusts, trustees, trust beneficiaries, heirs, executors, estates, administrators, assigns, beneficiaries, distributees, foundations, joint ventures, general or limited partners, members, managers, managing members, attorneys, heirs, assigns, insurers, reinsurers, advisors (including, without limitation, financial and investment advisors), consultants, other affiliated Persons, and any representatives, including, but not limited to, Reich & Tang Deposit Solutions LLC.

(c)    **"Unknown Claims"** means any Claim that Plaintiff, any other Class Member, or Oppenheimer does not know or suspect to exist in his, her, their, or its favor at the time of the releases contained in the Stipulation, which if known by him, her, they, or it might have affected his, her, their, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, themselves, or itself from the Class. With respect to any and all Released Plaintiff's Claims and Released Defendant's Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiff and Oppenheimer shall expressly, and each other Class Member shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 29 of 56

Plaintiff, other members of the Class, or Oppenheimer may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendant's Claims, but Plaintiff and Oppenheimer shall expressly, fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, discharge, and dismiss, and each Class Member shall be deemed to have compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed and upon the Effective Date and by operation of the Judgment shall have compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendant's Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiff and Oppenheimer acknowledge, and other members of the Class by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claim" in the definition of Claim, and thereby in the definitions of Released Plaintiff's Claims and Released Defendant's Claims, was separately bargained for and is a material term and conditions of the Stipulation and of the Settlement.

32.    The "Effective Date" of the Settlement shall be the first business day on which all of the following shall have occurred or been waived: (i) entry of the Preliminary Approval Order; (ii) payment of the Settlement Amount into the Escrow Account pursuant to paragraph 6 of the Stipulation; (iii) approval by the Court of the Settlement, following notice to the Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and (iv) a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B to the Stipulation, has been entered by the Court and has become Final.

33.    Upon the "Effective Date," the Released Defendant Parties will also provide a release of any claims against Plaintiff, the Class, and Plaintiff's Counsel arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

### EXCLUDING YOURSELF FROM THE CLASS

34.    If you want to keep any right you may have to sue or continue to sue Oppenheimer and the other Released Defendant Parties on your own concerning the Released Plaintiff's Claims, then you must take steps to remove yourself from the Class.  This is called excluding yourself or "opting out."  **Please note:** If you decide to exclude yourself from the Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit. Oppenheimer has the sole option in its discretion to terminate the Settlement if requests for exclusion exceed an agreed-upon threshold.

**10.    How do I exclude myself from the Class?**

35.    To exclude yourself from the Class, you must mail a signed letter stating that you request to be "excluded from the Class in *Liberty Capital Group v. Oppenheimer & Co. Inc.*, No. 1:25-cv-04822-JSR (S.D.N.Y.)."  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: state the name, address, and telephone number of the person or entity requesting exclusion; state the approximate dates during which you participated in the ABDP and the deposit balance during that time; and be signed by the Person requesting exclusion or an authorized representative.  A request for exclusion must be mailed so that it is **received no later than August 27, 2026**, at:

*Oppenheimer Cash Sweep Litigation*
c/o Verita Global
EXCLUSIONS

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 31 of 56

P.O. Box 5100
Larkspur, CA  94977-5100

36.     This information is needed to determine whether you are a member of the Class. Your exclusion request must comply with these requirements in order to be valid.

37.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a member of the Class and the Settlement will not affect you.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Oppenheimer and the other Released Defendant Parties in the future.

**11.     If I do not exclude myself, can I sue Oppenheimer and the other Released Defendant Parties for the same reasons later?**

38.     No.  Unless you properly exclude yourself, you will give up any rights to sue Oppenheimer and the other Released Defendant Parties for any and all Released Plaintiff's Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Class to continue your own lawsuit.  Remember, the exclusion deadline is August 27, 2026.

**THE LAWYERS REPRESENTING YOU**

**12.     Do I have a lawyer in this case?**

39.     Robbins Geller Rudman & Dowd LLP is Class Counsel in the Action and represents all members of the Class.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.     How will the lawyers be paid?**

- 16 -

40.    Class Counsel has been prosecuting the Action on a contingent basis and has not been paid for any of its work.  Class Counsel will seek an attorneys' fee award on behalf of all Plaintiff's Counsel of no more than 30% of the Settlement Amount, plus accrued interest.[2]  Class Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $2.75 million, plus accrued interest.  In addition, Plaintiff may request an award not to exceed $5,000 in connection with its representation of the Class.  Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  Members of the Class are not personally liable for any such fees or expenses.

### OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14.    How do I tell the Court that I do not like something about the proposed Settlement?**

41.    If you are a member of the Class, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Class Counsel's Fee and Expense Application.  You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

42.    To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in *Liberty Capital Group v. Oppenheimer & Co. Inc.*, No. 1:25-cv-04822-JSR (S.D.N.Y.)."  The objection must: state the name, address, telephone number, and e-mail address of the objector and must be signed by

---

[2]    "Plaintiff's Counsel" refers to Robbins Geller Rudman & Dowd LLP and Abraham, Fruchter & Twersky, LLP.

the objector, even if the objector is represented by counsel; contain a statement of the member of the Class's objection or objections and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and any legal and evidentiary support (including witnesses) the member of the Class wishes to bring to the Court's attention; and include documents sufficient to show the objector's membership in the Class, including the approximate dates during which the objector participated in the ABDP. The objection must also identify all class action settlements to which the objector and his, her, or its counsel have objected in the prior five (5) years. Unless otherwise ordered by the Court, any member of the Class who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Class Counsel's Fee and Expense Application. Your objection must be filed with the Court **no later than August 27, 2026,** *and* be mailed or delivered to the following counsel so that it is **received no later than August 27, 2026:**

| Court | Class Counsel | Oppenheimer's Counsel |
|---|---|---|
| **Clerk of the Court** | **Robbins Geller Rudman** | **Morgan, Lewis & Bockius LLP** |
| United States District Court | **& Dowd LLP** | Bernard J. Garbutt III |
| Southern District of New York | Stephen R. Astley | Grant R. MacQueen |
| Daniel Patrick Moynihan U.S. | 225 NE Mizner Boulevard, | 101 Park Avenue |
| Courthouse | Suite 720 | New York, NY 10178 |
| 500 Pearl Street | Boca Raton, FL 33432 | |
| New York, NY 10007 | | |

43.    You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any member of the Class who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court. An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 34 of 56

**15.    What is the difference between objecting and seeking exclusion?**

44.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Class Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself from the Class, you have no basis to object because the Settlement and the Action no longer affect you.

THE SETTLEMENT HEARING

**16.    When and where will the Court decide whether to approve the Settlement?**

45.    The Court will hold the Settlement Hearing on **September 17, 2026, at 4:00 p.m.**, in Courtroom 14B at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

46.    At this hearing, the Honorable Jed S. Rakoff will consider whether: the Settlement is fair, reasonable, adequate, and should be approved; the Plan of Allocation is fair and reasonable, and should be approved; and the application of Class Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

47.    The Court may change the date and time of the Settlement Hearing without another individual notice being sent to members of the Class.  If you want to attend the hearing, you should check with Class Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www.OppenheimerCashSweepLitigation.com to see if the Settlement Hearing stays as scheduled or is changed.

Case 1:25-cv-04822-JSR     Document 170     Filed 05/22/26     Page 35 of 56

**17.     Do I have to come to the Settlement Hearing?**

48.     No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than August 27, 2026.**

**18.     May I speak at the Settlement Hearing?**

49.     You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than August 27, 2026,** submit a statement that you, or your attorney, intend to appear in "*Liberty Capital Group v. Oppenheimer & Co. Inc.*, No. 1:25-cv-04822-JSR (S.D.N.Y.)."  If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

**IF YOU DO NOTHING**

**19.     What happens if I do nothing at all?**

50.     If you do nothing and you are a member of the Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Oppenheimer and the other Released Defendant Parties concerning the Released Plaintiff's Claims.  To share in the Net Settlement Fund, you must submit

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 36 of 56

a Claim Form (*see* Question 8 above). To start, continue, or be a part of any other lawsuit against Oppenheimer and the other Released Defendant Parties concerning the Released Plaintiff's Claims, you must exclude yourself from the Class (*see* Question 10 above).

## GETTING MORE INFORMATION

**20.    Are there more details about the Settlement?**

51.    This Notice summarizes the proposed Settlement. More details are contained in the Stipulation. You may review the Stipulation filed with the Court or other documents in the case during business hours at the Office of the Clerk of the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

52.    You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www.OppenheimerCashSweepLitigation.com. You may also call the Claims Administrator toll-free at 1-888-808-7104 or write to the Claims Administrator at *Oppenheimer Cash Sweep Litigation*, c/o Verita Global, P.O. Box 301170, Los Angeles, CA 90030-1170. **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

**21.    How will my claim be calculated?**

53.    The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Plaintiff after consultation with its proffered damages expert. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among

Case 1:25-cv-04822-JSR     Document 170     Filed 05/22/26     Page 37 of 56

Authorized Claimants. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

54.     The Plan of Allocation was developed in consultation with Plaintiff's proffered damages expert and reflects the assumption that Defendant's alleged misconduct caused participants of Oppenheimer's ABDP to receive lower interest rates than participants should have received under the terms and conditions of the ABDP. In determining the amount of interest that Plaintiff alleges that ABDP participants would have received under Plaintiff's interpretation, Plaintiff's proffered damages expert relied on daily Market-Based Interest Rates ("MIR") offered by Plaintiff's proffered subject matter expert in connection with the Action. Based on these MIRs, Plaintiff's proffered damages expert opined that ABDP participants should have collectively received an estimated aggregate total of $557,000,000 of additional interest during the period from March 17, 2022 through May 22, 2026.

55.     Under the Plan, each Authorized Claimant shall have a Notional Claim Amount. Each Authorized Claimant's Notional Claim Amount shall be weighed against the total Notional Claim Amount of all Authorized Claimants to calculate each Authorized Claimant's *pro rata* allocation of the Net Settlement Fund. Notional Claim Amounts are based on the difference in the amount of interest ABDP participants would have received had they received the MIR and the amount of interest that ABDP participants actually received. In order to have a Notional Claim

- 22 -

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 38 of 56

Amount under the Plan of Allocation, a Class Member must have participated in the ABDP for at least one day during the Class Period.

## CALCULATION OF NOTIONAL CLAIM AMOUNTS

56.    Based on the methodology stated below, a "Notional Claim" will be calculated for each Class Member for each day during the Class Period for which adequate documentation is provided. If a Notional Claim calculates to a negative number or zero under the formula below, that Notional Claim will be zero. The sum of a Class Member's Notional Claims for all days during the Class Period shall be that Class Member's "Notional Claim Amount."

57.    For each Class Member, that Class Member's daily ABDP deposit balances will be obtained from Oppenheimer. Subsequently, each daily deposit balance will be multiplied against the same day's MIR associated with that Class Member's applicable ABDP tier. A Class Member's applicable ABDP tier is determined by the amount of that Class Member's ABDP deposit balance. As also shown in "Table A" posted to www.OppenheimerCashSweepLitigation.com.

        (a)    Deposit balances that range from $0.01 to $249,999.99 are assigned the Tier 1 rate;

        (b)    Deposit balances that range from $250,000 to $499,999.99 are assigned the Tier 2 rate;

        (c)    Deposit balances that range from $500,000 to $999,999.99 are assigned the Tier 3 rate;

        (d)    Deposit balances that range from $1,000,000 to $4,999,999.99 are assigned the Tier 4 rate; and

        (e)    Deposit balances that range above $5,000,000 are assigned the Tier 5 rate.

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 39 of 56

58. From this calculation, a daily "but-for interest accrued" is produced for each Class Member.

59. Next, for each Class Member, a Class Member's daily deposit balances are multiplied against the same day's actual interest rate received under the schedule of interest rates set forth by Oppenheimer (*see*, "Table B" posted to www.OppenheimerCashSweepLitigation.com), controlling for that Class Member's applicable ABDP tier. A Class Member's applicable ABDP tier is determined using the same methodology as that specified in paragraphs (a) through (e) above. From this calculation, a daily "actual interest accrued" is produced for each Class Member.

60. The daily difference between a Class Member's "but-for interest accrued" and their "actual interest accrued" is equal to that Class Member's daily Notional Claim. If a Notional Claim on a given day calculates to a negative number or zero, that Notional Claim for that day will be zero.

61. The sum of a Class Member's daily Notional Claims throughout the Class Period is that Class Member's Notional Claim Amount.

62. A Class Member's total Notional Claim Amount is then used to weigh the claims of all Class Members against one another to determine each Class Member's *pro rata* allocation of the Net Settlement Fund.

63. As noted above, the Settlement Amount and the interest it earns is the Settlement Fund. The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund. The Net Settlement Fund will be distributed to Class Members who timely submit valid Claim Forms that show a "Notional Claim" according to the

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 40 of 56

proposed Plan of Allocation (or any other plan of allocation approved by the Court). Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the terms and conditions of the Stipulation and the Settlement.

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

64.  If the sum total of Notional Claim Amounts of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Notional Claim Amount divided by the total of Notional Claim Amounts of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If the Net Settlement Fund exceeds the sum total amount of the Notional Claim Amounts of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

65.  Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator will, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any,

shall be contributed to the Council of Institutional Investors or such other private, nonprofit, non-sectarian 501(c)(3) organization.

66.    Payment pursuant to the Plan of Allocation or such other plan of allocation as may be approved by the Court will be conclusive against all claimants.  No person will have any claim against Plaintiff, Plaintiff's Counsel, their damages expert, the Released Defendant Parties, or the Claims Administrator, or other agent designated by Plaintiff's Counsel (other than the Escrow Agent) arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Plaintiff, Oppenheimer, Oppenheimer's Counsel, and all other Released Parties will have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

67.    Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her, or its claim.

DATED:  May 22, 2026

                          _____

                          BY ORDER OF THE UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 42 of 56

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

LIBERTY CAPITAL GROUP, Individually   :   Civil Action No. 1:25-cv-04822-JSR
and on Behalf of All Others Similarly Situated, :

                                    :   CLASS ACTION

             Plaintiff,   :

                                      :   PROOF OF CLAIM AND RELEASE FORM

    vs.   :

OPPENHEIMER HOLDINGS INC.,   :
OPPENHEIMER & CO. INC., and   :
OPPENHEIMER ASSET MANAGEMENT
INC.,   :

            Defendants.   :

——————————————————————— x

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 44 of 56

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Class based on your claims in the action entitled *Liberty Capital Group v. Oppenheimer & Co. Inc.*, Civil Action No. 1:25-cv-04822-JSR (S.D.N.Y.) (the "Action"),[1] you must complete and, on page ____ below, sign this Proof of Claim and Release Form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected, and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2.    **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.OPPENHEIMERCASHSWEEPLITIGATION.COM NO LATER THAN SEPTEMBER 17, 2026, OR, IF MAILED, BE POSTMARKED NO LATER THAN SEPTEMBER 17, 2026, ADDRESSED AS FOLLOWS:**

*Oppenheimer Cash Sweep Litigation*
c/o Verita Global
P.O. Box 301170
Los Angeles, CA 90030-1170
Online submissions: www.OppenheimerCashSweepLitigation.com

3.    If you are a member of the Class and you do not timely request exclusion in response to the Notice dated May 22, 2026, you are bound by and subject to the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

---

[1]    This Proof of Claim and Release Form incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.OppenheimerCashSweepLitigation.com.

- 1 -

## II.    CLAIMANT IDENTIFICATION

1.    If you participated in Oppenheimer & Co. Inc.'s ("Oppenheimer") Advantage Bank Deposit Program ("ABDP") during the period beginning on March 17, 2022 through May 22, 2026 (the "Class Period"), you are a Class Member.

2.    Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial participant in Oppenheimer's ABDP that forms the basis of this claim, as well as the owner of record if different.    THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PARTICIPANTS OR THE LEGAL REPRESENTATIVE OF SUCH PARTICIPANTS.

3.    All joint owners must sign this claim.   Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them, and their authority must accompany this claim, and their titles or capacities must be stated. The last four digits of the Social Security (or full taxpayer identification) number and the telephone number of the beneficial owner may be used to verify the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.  By filing a claim, you are hereby authorizing Oppenheimer to provide Plaintiff's Counsel with information about your account(s) at Oppenheimer, including, but not limited to, your transactions in the ABDP and your account balances in the ABDP, so that Plaintiff's Counsel and/or the Claims Administrator can calculate your recognized claim amount.

## III.    IDENTIFICATION OF TRANSACTIONS

1.    Use **Part II** of this form, entitled "Schedule of Participation in Oppenheimer's ABDP," to supply all required details of your participation.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

- 2 -

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 46 of 56

2.      On the schedules, provide all of the requested information with respect to your participation.  Failure to report all such information may result in the rejection of your claim.

3.      List your transactions in the ABDP in chronological order, beginning with the earliest.  You must accurately provide the month, day, and year of your participation.

4.      Copies of account statements or other documentation of your transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

5.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the Settlement website.)  All such claimants MUST submit a manually signed paper Claim Form, whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you must contact the Claims Administrator at Verita Global, P.O. Box 301170, Los Angeles, CA 90030-1170 to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name          MI   Beneficial Owner's Last Name

Co-Beneficial Owner's First Name       MI   Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City                                          State
ZIP/Postal Code

Foreign Country (only if not USA)      Foreign County (only if not USA)

Social Security Number (last four digits only) or Taxpayer Identification Number

[    ] OR [  ] – [       ]

Telephone Number (home)        Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):
- ☐  Individual (includes joint owner accounts)      ☐  Pension Plan      ☐  Trust
- ☐  Corporation                 ☐  Estate
- ☐  IRA/401K                    ☐  Other _____ (please specify)

**PART II: SCHEDULE OF PARTICIPATION IN OPPENHEIMER'S ABDP**

List the approximate dates in which you participated in Oppenheimer's ABDP:

_____

IV.    **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

1.    By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation of Net Settlement Fund described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York (the "Court") with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, if required to do so. I (We) have not submitted any other claim covering the same accounts that participated in Oppenheimer's ABDP during the Class Period and know of no other person having done so on my (our) behalf.

V.    **RELEASES, WARRANTIES, AND CERTIFICATION**

1.    I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the Notice, that I am (we are) not excluded from the Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

2.    As a Class Member, I (we) hereby acknowledge that I (we) shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice the Released Plaintiff's Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined, to the fullest extent

- 5 -

Case 1:25-cv-04822-JSR     Document 170     Filed 05/22/26     Page 49 of 56

permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff's Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included information about my (our) participation in Oppenheimer's ABDP during the Class Period to the extent requested.

5.      I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2026

_____          _____
Signature of Claimant                                      Type or print name of Claimant

_____          _____
Signature of Joint Claimant, if any                  Type or print name of Joint Claimant

_____          _____
Signature of person signing on behalf          Type or print name of person signing
of Claimant                                                     on behalf of Claimant

- 6 -

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 50 of 56

Capacity of person signing on behalf of Claimant, if other than an individual (*e.g.*, Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 51 of 56

**REMINDER CHECKLIST:**

1.      Please sign this Claim Form.

2.      DO NOT USE RED PEN OR HIGHLIGHTER ON THE CLAIM FORM OR SUPPORTING DOCUMENTATION.

3.      Attach only copies of supporting documentation, as these documents will not be returned to you.

4.      Keep a copy of your Claim Form for your records.

5.      If you desire an acknowledgement of receipt of your Claim Form, please send it by Certified Mail, Return Receipt Requested.

6.      If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN SEPTEMBER 17, 2026, ADDRESSED AS FOLLOWS:**

*Oppenheimer Cash Sweep Litigation*
Claims Administrator
c/o Verita Global LLC
P.O. Box  301170
Los Angeles, CA 90030-1170
Online submissions: www.OppenheimerCashSweepLitigation.com

# EXHIBIT 3

Case 1:25-cv-04822-JSR   Document 170   Filed 05/22/26   Page 53 of 56

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

LIBERTY CAPITAL GROUP, Individually and on Behalf of All Others Similarly Situated,

                    Plaintiff,

vs.

OPPENHEIMER HOLDINGS INC., OPPENHEIMER & CO. INC., and OPPENHEIMER ASSET MANAGEMENT INC.,

                    Defendants.

———————————————————— x

Civil Action No. 1:25-cv-04822-JSR

CLASS ACTION

SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 54 of 56

TO:    ALL PERSONS AND ENTITIES WHO PARTICIPATED IN THE OPPENHEIMER & CO. INC.'S ADVANTAGE BANK DEPOSIT PROGRAM FROM MARCH 17, 2022 THROUGH MAY 22, 2026 ("CLASS").[1]

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Class Representative, Liberty Capital Group, on behalf of itself and all members of the Class, and Oppenheimer & Co. Inc. ("Oppenheimer" or "Defendant"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $70,000,000 (the "Settlement").

A hearing will be held before the Honorable Jed S. Rakoff on September 17, 2026, at 4:00 p.m., in Courtroom 14B of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Class Members; and (iv) approve Class Counsel's Fee and Expense Application. The Court may change the date and time of the Settlement Hearing without providing another notice. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing, will be posted to the Settlement website, www.OppenheimerCashSweepLitigation.com. You do NOT have to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

---

[1]    The terms of the Settlement are in the Stipulation of Settlement, dated May 13, 2026 (the "Stipulation"), which can be viewed at www.OppenheimerCashSweepLitigation.com. All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

- 1 -

4918-7446-6478.v1

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 55 of 56

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT, AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting the website for the Settlement, www.OppenheimerCashSweepLitigation.com, or by contacting the Claims Administrator at:

*Oppenheimer Cash Sweep Litigation*
c/o Verita Global
P.O. Box 301170
Los Angeles, CA 90030-1170
www.OppenheimerCashSweepLitigation.com
1-888-808-7104

Inquiries, other than requests for information about the status of a claim, may also be made to Class Counsel:

Robbins Geller Rudman & Dowd LLP
Stephen R. Astley
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
settlementinfo@rgrdlaw.com
1-800-449-4900

If you are a member of the Class, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than September 17, 2026.*  If you are a member of the Class and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is *received no later than August 27, 2026.*  If you properly exclude yourself from the

- 2 -

4918-7446-6478.v1

Case 1:25-cv-04822-JSR    Document 170    Filed 05/22/26    Page 56 of 56

Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Class Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than August 27, 2026*.

**PLEASE DO NOT CONTACT THE COURT, OPPENHEIMER, OR OPPENHEIMER'S COUNSEL REGARDING THIS NOTICE.**

DATED: May 22, 2026                    BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       SOUTHERN DISTRICT OF NEW YORK

- 3 -

4918-7446-6478.v1