UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIBERTY CAPITAL GROUP, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>OPPENHEIMER HOLDINGS INC., OPPENHEIMER & CO. INC., and OPPENHEIMER ASSET MANAGEMENT INC.,<br><br>Defendants. | Civil Action No. 1:25-cv-04822-JSR<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] FINAL ORDER AND JUDGMENT |

**WHEREAS:**

A. On May 13, 2026, Liberty Capital Group ("Plaintiff"), on behalf of itself and all other members of the Class, on the one hand, and Oppenheimer & Co. Inc. ("Oppenheimer" or "Defendant"), on the other hand, entered into a "Stipulation of Settlement" (the "Stipulation"), amended on May 21, 2026, in the above-entitled litigation (the "Action");

B. Pursuant to the "Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement," entered on May 22, 2026 (the "Preliminary Approval Order"), the Court scheduled a hearing for September 17, 2026 (the "Settlement Hearing") to, among other things: determine whether the proposed settlement of the Action (the "Settlement") on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; determine whether a judgment as provided for in the Stipulation should be entered; and rule on Class Counsel's Fee and Expense Application;

C. Pursuant to the Preliminary Approval Order, the Court ordered that the "Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses" (the "Notice") and a "Proof of Claim and Release Form" ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be emailed or mailed by first-class mail, postage prepaid, on a date (the "Notice Date") that is on or before twenty-eight (28) calendar days after the date of entry of the Preliminary Approval Order to all members of the Class who could be identified through reasonable effort, and that the "Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses" (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within seven (7) calendar days of the Notice Date;

D. The Notice and the Summary Notice advised members of the Class of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by August 27, 2026;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. On August 13, 2026, Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on September 17, 2026, at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Plaintiff's motion for final approval of the Settlement, the declarations and memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates and makes a part hereof: the Stipulation filed with the Court on May 13, 2026, and amended on May 21, 2026; and the Notice, which was filed with the Court on May 13, 2026. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all members of the Class who have not requested exclusion from the Class.

3. All members of the Class who have timely and validly requested exclusion from the Class are identified in Exhibit A hereto.

4. The Court finds that the mailing of the Notice and Claim Form and publication of the Summary Notice: complied with the Preliminary Approval Order; constituted the best notice practicable under the circumstances; constituted notice that was reasonably calculated to apprise members of the Class of the effect of the Settlement, of the proposed Plan of Allocation, of Class Counsel's request for an award of attorneys' fees and payment of Litigation Expenses incurred in connection with the prosecution of the Action, of members of the Class's right to object or seek exclusion from the Class, and of their right to appear at the Settlement Hearing; constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause). No member of the Class is relieved from the terms and conditions of the Stipulation and of the Settlement, including the releases provided for therein, based upon the contention or proof that such member of the Class failed to receive actual or adequate notice. A full opportunity has been offered to the members of the Class to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all members of the Class are bound by this Judgment.

5. There have been no objections to the Settlement.

6. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: Plaintiff and Class Counsel have adequately represented the Class; the

Settlement was negotiated at arm's-length between experienced counsel with the assistance of an experienced mediator; the relief provided for the Class in the Settlement is adequate, having taken into account the costs, risks, and delay of trial and appeal, the effectiveness of any proposed method of distributing relief to the Class, including the method of processing members of the Class's claims; the terms of any proposed award of attorneys' fees, including timing of payment; and any agreement required to be identified under Rule 23(e)(3); and the proposed Plan of Allocation treats members of the Class equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal of the claims asserted against Oppenheimer in their entirety with prejudice) and shall be consummated in accordance with the terms and conditions of the Stipulation.

7. The Class Action Complaint (the "Complaint"), filed on June 6, 2025, is dismissed in its entirety, with prejudice, and without attorneys' fees or costs to any Party, except as otherwise provided in the Stipulation.

8. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9. Upon the Effective Date, Plaintiff and each and every other member of the Class, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiff's Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined, to the

fullest extent permitted by law, from commencing, instituting, prosecuting, asserting or maintaining any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties.

10. Upon the Effective Date, the Released Defendant Parties, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendant's Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendant's Claims against any and all of the Released Plaintiff Parties.

11. Notwithstanding paragraphs 9-10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. Each Class Member, whether or not such member of the Class executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation and this Judgment.

13. This Judgment, the Stipulation and the Settlement and any related terms and conditions, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation or the Settlement, and any matter arising in connection with such settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute evidence of, shall not be construed or deemed to be evidence of, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, any presumption, concession, or admission by any of the Released Defendant Parties: (i) with respect to the truth of any allegation or assertion by Plaintiff and the Class, or the validity of any cause of action, claim, allegation, or assertion that has been or could have been asserted by Plaintiff or the Class in the Action or in any litigation, including, but not limited to, any breach, fault, misconduct, wrongdoing, negligence, misrepresentation, omission, liability, or damages whatsoever by any of the Released Defendant Parties; (ii) with respect to any infirmity in any defense that has been or could have been asserted by Oppenheimer; or (iii) for any other reason as against any of the Released Defendant Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation, provided, however, that the Released Defendant Parties and their respective counsel may refer to the Stipulation to effectuate the protections granted hereunder or otherwise to enforce the terms of the Stipulation or the Settlement;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Oppenheimer and any of the Released Defendant Parties as evidence of, a presumption, concession, or admission of any misrepresentation, misleading statement, or omission with respect to any statement or written document approved or made by Oppenheimer or the Released Defendant Parties;

(c) do not constitute, and shall not be offered or received against or to the prejudice of Plaintiff, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any breach, misconduct, liability, damages, negligence, fault, infirmity, or other wrongdoing of any kind, or in any way referred to for any

other reason against or to the prejudice of Plaintiff, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against any of the Released Defendant Parties, Plaintiff, or any other member of the Class, as an admission, concession, or presumption that the consideration to be given under the Stipulation, the Settlement, or hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiff, or any other member of the Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14. Oppenheimer specifically reserves and preserves any and all defenses to any claims that may be filed by anyone, including any individual or entity that has sought, or seeks, exclusion from the Class.

15. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 46 of the Stipulation.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19. Robbins Geller Rudman & Dowd LLP alone agrees to be, shall be, and shall act as Escrow Agent pursuant to the terms and conditions of the Stipulation, and agrees to be, and shall be, solely responsible and liable for the management, operation, and administration of the Settlement Fund, the Escrow Account, and for its acts and omissions as Escrow Agent. Oppenheimer deposited the Settlement Amount into the Escrow Account in accordance with ¶6 of the Stipulation and relinquished control over the Settlement Amount to the Escrow Agent, and Oppenheimer and the Released Defendant Parties shall have no responsibilities or liabilities relating to, arising out of, or in any way whatsoever connected with the Settlement Amount, the Settlement Fund, and the Escrow Account. Robbins Geller Rudman & Dowd LLP indemnifies and holds harmless Oppenheimer and the Released Defendant Parties for Robbins Geller Rudman & Dowd LLP's management, operation, and administration of the Settlement Fund and the Escrow Account and for Robbins Geller Rudman & Dowd LLP's acts and omissions as Escrow Agent, including for any attorneys' fees or litigation expenses incurred by Oppenheimer and the Released Defendant Parties in connection with any Claim relating to, arising out of, or in any way whatsoever connected with the Settlement Fund, the Escrow Account, or Robbins Geller Rudman & Dowd LLP acting as Escrow Agent. The terms and conditions of this paragraph are material terms and conditions of the Stipulation and of the Settlement.

20. A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered

regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: implementation of the Stipulation and the Settlement; the allowance, disallowance, or adjustment of any member of the Class's claim on equitable grounds and any award or distribution of the Settlement Fund; disposition of the Settlement Fund; any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; all Parties for the purpose of construing, enforcing and administering the Stipulation, the Settlement and this Judgment; and other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is respectfully directed.

DATED this ___ day of __________, 2026

______________________________
THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

*OPCS-EXCL00001*

[redacted]

RECEIVED
July 6, 2026
Claims Center

# Exclusion Cover Page

Case Name: Oppenheimer Cash Sweep Litigation

Case Code: OPCS

Exclusion Deadline: By August 27, 2026

Name of Person Filing Exclusion: Susan K Simpson

6/23/2026

Claims Administrator,

I want to be excluded from the Class in Liberty Capital Group v. Oppenheimer & Co. Inc., NO. 1:25-CV-04822-JSR (S.D.N.Y.)

My name is Susan K. Simpson.
Address: [redacted]
Phone:

Obtained my ABDP in 10/24/11 and at present still have it. Its value $30573.06; dividends reinvested.

Susan K Simpson

Susan K. Simpson
[redacted]

[redacted]

26 JUN 2026 PM 10 L

Freedom 250

FOREVER/USA

RECEIVED
JUL 0 6 2026
BY: ......................

Claims Administrato
c/o Verita Global
Exclusions
PO Box 5109
Larkspur, Ca. 94977-5100

94977-510000

*OPCS-EXCL00002*

[redacted]

RECEIVED
June 21, 2026
Claims Center

# Exclusion Cover Page

Case Name: Oppenheimer Cash Sweep Litigation

Case Code: OPCS

Exclusion Deadline: By August 27, 2026

Name of Person Filing Exclusion: Professor Diana Multare

The Law Office of Colleen Kerwick
Attorney and Counselor at Law
[redacted]

*Colleen Kerwick, Esq.*
[redacted]

June 20, 2026

Honorable Judge Jed S. Rakoff
Honorable Judge Gary Stein
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

| | |
|---|---|
| Case: | Liberty Capital Group v. Oppenheimer Holdings Inc. |
| Notice: | Request for Exclusion from Class |
| Dkt. No: | 1:25-cv-04822-JSR (S.D.N.Y.) |

To the Honorable Court:

We represent Professor Diana Multare ("Prof. Multare"), a potential class member duly noticed on June 19, 2026. Enclosed please find Prof. Multare's Request for Exclusion from the Settlement Class, in accordance with the procedures set forth in the Court-Approved Notice of Pendency and Proposed Settlement.

Prof. Multare is a long-standing Oppenheimer customer who has suffered individual damages of approximately $1,400,000, comprising approximately $1,100,000 in misappropriated funds and approximately $300,000 in interest income wrongfully withheld by Oppenheimer to date and continuing. These losses materially exceed what Prof. Multare could expect to recover through the proposed class settlement to be distributed *pro rata* among potentially tens of thousands of class members. By opting out, Prof. Multare preserves her right to pursue individual recovery of the funds Oppenheimer has misappropriated and continues to withhold from her.

Respectfully submitted,

The Law Office of Colleen Kerwick

cc: All parties via ECF

The Law Office of Colleen Kerwick
Attorney and Counselor at Law
[redacted]

Colleen Kerwick, Esq.
[redacted]

June 20, 2026

***VIA CERTIFIED MAIL***
Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
P.O. Box 301170
Los Angeles, CA 90030-1170

| | |
|---|---|
| Case | : Liberty Capital Group v. Oppenheimer Holdings Inc. et al., |
| Dkt. No | : 1:25-cv-04822-JSR (S.D.N.Y.) |
| ClaimID | [redacted] |
| Name | : Diana Multare |
| Address | [redacted] |

Dear Claims Administrator:

We represent Prof. Diana Multare ("Prof. Multare") and her Power of Attorney Eric Houston ("Mr. Houston"). This letter constitutes Prof. Multares **timely Request for Exclusion from the Settlement Class**, submitted in compliance with the Notice requirements and well in advance of the August 27, 2026 exclusion deadline. This exclusion is for Prof. Multare individually, and any and all accounts in any way related to Prof. Multare. Prof. Multare does not wish to be bound by any settlement, judgment, or order entered in connection with the above-captioned proposed class action settlement, and expressly reserves all rights and claims.

Prof. Multare is a long-standing customer of Oppenheimer whose accounts, including account numbers [redacted], fall within the Settlement Class Period of March 17, 2022 through May 22, 2026. During this period, Oppenheimer swept cash from accounts into low-yield cash sweep vehicles while retaining spread income that rightfully belonged to her accounts. However, Prof. Multare's circumstances extend materially beyond the generalized class claims. Specifically, Oppenheimer misappropriated approximately $1,100,000 from Prof. Multare's account, and her account with her late sister Aline Multare, and has additionally wrongfully withheld approximately $300,000 in interest income purportedly pursuant to FINRA Rule 2165. The total damages suffered by Prof. Multare is approximately $1,400,000 and growing.

It is respectfully submitted that remaining in the Settlement Class would be directly and materially harmful to Prof. Multare's ability to recover her missing funds as the Settlement Agreement's Release of Claims would extinguish all of Prof. Multare's individual claims against

Oppenheimer arising during the Class Period. The Released Claims, as defined in the Settlement Agreement, encompass all claims "arising out of, based upon, or related to" the cash sweep practices and account management conduct at issue which necessarily includes the misappropriation of Prof. Multare's $1,100,000 and the wrongful withholding of her interest income. By accepting the settlement, Prof. Multare would permanently surrender these claims. In addition, the Settlement Agreement's Bar Order and permanent injunction would prohibit Prof. Multare from pursuing her individual claims in any other court or forum, including in FINRA arbitration, after the settlement is finalized. This would leave her with no legal recourse to recover the approximately $1,400,000 Oppenheimer has taken and/or withheld from her and continue to withhold to date.

As Plaintiffs herein asserted damages in excess of $440,000,000 for the entire class, the $70,000,000 settlement represents only 16% of the damages and that is before counsel fees and expenses. The resulting net fund available, split among tens of thousands of Oppenheimer customers, would dwarf the economic and emotional damages Prof. Multare sustained as a result of Oppenheimer's actions and omissions. By opting out of this settlement, we are preserving the right to pursue these claims independently. **Nothing contained herein shall be construed as a waiver of any claim, cause of action, remedy, arbitration right, FINRA claim, or other proceeding that Prof. Multare has against Oppenheimer or any related party.**

This request is submitted in accordance with the instructions set forth in the Notice and shall be received by the Claims Administrator well in advance of August 27, 2026 as per the attached notice.

Respectfully submitted,

Colleen N. Kerwick

The Law Office of Colleen Kerwick
By: Colleen Kerwick, Principal

Diana L. Multare

Professor Diana Multare

Eric Houston

Mr. Eric Houston, as Power of Attorney
for Professor Diana Multare

CC: Robbins Geller Rudman & Dowd LLP,
Attn. Alex Kaplan, Esq.
Andrew Rees, Esq.
Scott Dion, Esq. and
Stephen Astley, Esq.
225 NE Mizner Boulevard, Suite 720,
Boca Raton, FL 33432
Fax 561-750-3000

akaplan@rgrdlaw.com
arees@rgrdlaw.com
sdion@rgrdlaw.com
sastley@rgrdlaw.com

Robbins Geller Rudman & Dowd LLP
Attn: Ellen Stewart, Esq.
Samuel Rudman, Esq.
58 South Services Road, Suite 200
Melville, NY 11747
(619) 231-1058
Fax: (619)-231-7423
Email: elleng@rgrdlaw.com
Email: srudman@rgrdlaw.com

Robbins Geller Rudman & Dowd LLP
Attn: Luke Goveas, Esq.
225 NE Mizner Boulevard
Suite 720
Boca Raton, FL 33432
Email: lgoveas@rgrdlaw.com

Robbins Geller Rudman & Dowd LLP
Attn: Mathew Andrews, Esq.
420 Lexington Avenue
Suite 1832
New York, NY 10170
Email: mandrews@rgrdlaw.com

Morgan, Lewis and Bockius LLP (NY)
Attn: Bernard Garbutt III, Esq.
101 Park Avenue
New York, NY 10178
Email: bernard.garbutt@morganlewis.com

Morgan, Lewis & Bockius LLP
Attn: Amanda Outcalt, Esq.
Grant McQueen, Esq.
Joshua Moses, Esq.
Melissa Coates, Esq.
Michael Paslavsky, Esq.
600 Montgomery Street
Ste 2300
San Francisco, CA 94111
Email: amanda.outcalt@morganlewis.com

# Fwd: Oppenheimer Cash Sweep Litigation Notice

From [redacted]
To: [redacted]
Date: Friday, June 19, 2026 at 10:16 AM GMT-5

**Diana Multare**

---------- Forwarded message ---------
From: **Settlement Administrator** <info@e.veritaclaims.com>
Date: Fri, Jun 19, 2026 at 9:52 AM
Subject: Oppenheimer Cash Sweep Litigation Notice
To: <diana4biodiversity@gmail.com>

Dear Potential Class Member,

The Court authorized that this Notice be sent to you because you or someone in your family may have participated in Oppenheimer's ABD Program during the period from March 17, 2022 through May 22, 2026 (the "Class Period"). Receipt of this Notice does not mean that you are a member of the Class or that you will be entitled to receive a payment. If you wish to be eligible for a payment, you are required to submit a Claim Form.

You can submit a Claim Form electronically by clicking the link here.

Please use the following ClaimID and PIN to file your Claim Form electronically:

ClaimID: [redacted]
PIN: [redacted]

Additional Information and documentation relevant to this litigation can be found at www.OppenheimerCashSweepLitigation.com.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIBERTY CAPITAL GROUP, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>OPPENHEIMER HOLDINGS INC., OPPENHEIMER & CO. INC., and OPPENHEIMER ASSET MANAGEMENT INC.,<br><br>Defendants. | Civil Action No. 1:25-cv-04822-JSR<br><br>CLASS ACTION<br><br>SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES |

TO: ALL PERSONS AND ENTITIES WHO PARTICIPATED IN THE OPPENHEIMER & CO. INC.'S ADVANTAGE BANK DEPOSIT PROGRAM FROM MARCH 17, 2022 THROUGH MAY 22, 2026 ("CLASS").[1]

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Class Representative, Liberty Capital Group, on behalf of itself and all members of the Class, and Oppenheimer & Co. Inc. ("Oppenheimer" or "Defendant"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $70,000,000 (the "Settlement").

A hearing will be held before the Honorable Jed S. Rakoff on September 17, 2026, at 4:00 p.m., in Courtroom 14B of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 (the "Settlement Hearing"), to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Class Members; and (iv) approve Class Counsel's Fee and Expense Application. The Court may change the date and time of the Settlement Hearing without providing another notice. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing, will be posted to the Settlement website, www.OppenheimerCashSweepLitigation.com. You do NOT have to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT, AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting the website for the Settlement, www.OppenheimerCashSweepLitigation.com, or by contacting the Claims Administrator at:

*Oppenheimer Cash Sweep Litigation*
Claims Administrator
c/o Verita Global
P.O. Box 301170
Los Angeles, CA 90030-1170
www.OppenheimerCashSweepLitigation.com
1-888-808-7104

Inquiries, other than requests for information about the status of a claim, may also be made to Class Counsel:

Robbins Geller Rudman & Dowd LLP
Stephen R. Astley
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
settlementinfo@rgrdlaw.com
1-800-449-4900

If you are a member of the Class, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or submitted online no later than September 17, 2026***. If you are a member of the Class and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is ***received no later than August 27, 2026***. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Class Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are ***received no later than August 27, 2026***.

**PLEASE DO NOT CONTACT THE COURT, OPPENHEIMER, OR OPPENHEIMER'S COUNSEL REGARDING THIS NOTICE.**

DATED: May 22, 2026

BY ORDER OF THE UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Regards,

Oppenheimer Cash Sweep Litigation
Claims Administrator
Verita Global
info@OppenheimerCashSweepLitigation.com

---

[1] The terms of the Settlement are in the Stipulation of Settlement, (the "Stipulation"), which can be viewed at www.OppenheimerCashSweepLitigation.com. All capitalized terms not defined in this Summary Notice have the same meanings as defined in the Stipulation.

If diana4biodiversity@gmail.com should not be subscribed or if you need to change your subscription information for Verita/OPCS, please use this preferences page.

*OPCS-EXCL00003*

[redacted]

RECEIVED
August 20, 2026
Claims Center

# Exclusion Cover Page

Case Name: Oppenheimer Cash Sweep Litigation

Case Code: OPCS

Exclusion Deadline: By August 27, 2026

Name of Person Filing Exclusion: Donald R & Kathryn M Tucker

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O BOX 5100
Larkspur, CA 94977-5100

Claims Administrator,

My wife and I wish to be excluded from the Class in Liberty Capital Group v. Oppenheimer & Co. Inc., No. 1:25-cv-04822-JSR (S.D.N.Y)

**Dates participated**: March 17, 2022 through May 22, 2026

The information requested on Page 7 of the Civil Action Case No. 1:25-cv-04822-JSR, Item 10 "How do I exclude myself from the class", is supplied in this letter except for "the deposit balance during that time". On July 25th, 2026, I requested information in an email to info@oppenheimercashsweeplitigation.com and received a response with a Reference Number CR 156327 along with a statement to allow time for processing.

On 8/12/26 I received a reply to CR 156327 essentially stating the following:

1. "This is the daily deposit balance."
2. ".... but If you do not know your daily deposit balance you can likely request that information from Oppenheimer." *However, per telephone conversation with Oppenheimer, they only supply end of quarter and end of year summary.*
3. "if you have a general idea of the balance during that time, it is likely fine for the purposes of submitting an exclusion request."

Having destroyed statements up until 12/31/2022, the best I can do is the following:

- The Advantage Bank Deposit Balance on12/31/2022 was $14,820.81
- The Advantage Bank Deposit Balance on 3/31/2026 was $20,933.84
- The Advantage Bank Deposit Balance on 6/30/2026 was $20,899.40

**Name**: Donald R. Tucker
**Address**: [redacted]
**Phone**:

Donald R Tucker — Signature

8/12/26 — Date

**Name**: Kathryn M. Tucker
**Address**: [redacted]
**Phone**:

Kathryn M. Tucker — Signature

8/17/26 — Date

FIRMLY TO SEAL

FSC MIX FSC C116916

PAPER POUCH

PRESS FIRMLY TO SEAL

FLAT RATE ENVELOPE
POSTAGE REQUIRED

UNITED S
POSTAL S

delivery date speci
shipments include
acking® service inclu
nternational insuranc
ed internationally, a
es not cover certain items
Manual at http://pe.usps
ional Mail Manual at http

RATE EN
■ ANY WEIGHT

KED ■ INS

00001000014

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID
$12.90 [redacted]

PRIORITY MAIL®

0 Lb 1.70 Oz
RDC 03

EXPECTED DELIVERY DAY: 08/17/26

B014

RECEIVED
AUG 20 2026
BY: ....................

SHIP TO:
PO BOX 5100
LARKSPUR CA 94977-5100

USPS TRACKING® #

9505 5123 3292 6225 5015 35

PRIORITY® ★ MAIL ★

UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
DONALD R TUCKER
[redacted]

TO:
OPPENHEIMER CASH SWEEP LITIGATION
CLAIMS ADMINISTRATOR
c/o VERITA GLOBAL
EXCLUSIONS
P.O. BOX 5100
LARKSPUR, CA 94977-5100

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

*OPCS-EXCL00004*

[redacted]

RECEIVED
August 31, 2026
Claims Center

# Exclusion Cover Page

Case Name: Oppenheimer Cash Sweep Litigation

Case Code: OPCS

Exclusion Deadline: By August 27, 2026

Name of Person Filing Exclusion: Professor Diana Multare
Eric Houston, Power of Attorney

**ERIC HOUSTON**
*Power of Attorney for Professor Diana Multare*
[redacted]

August 21, 2026

***VIA USPS MAIL***
Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
P.O. Box 301170
Los Angeles, CA 90030-1170

| | |
|---|---|
| Case | : Liberty Capital Group v. Oppenheimer Holdings Inc. et al., |
| Dkt. No. | : 1:25-cv-04822-JSR (S.D.N.Y.) |
| Claim ID | : OPCS-100257992 \| PIN: 217682 |
| Name | : Diana Multare |
| Address | : [redacted] |

Dear Claims Administrator:

I am Power of Attorney for Professor Diana Multare ("Prof. Multare"). This letter constitutes Prof. Multare's **timely Request for Exclusion from the Settlement Class**, submitted in compliance with the requirements of the Court-approved Notice. Prof. Multare unequivocally elects to be excluded from the Settlement Class in the above-captioned action. This exclusion applies to Prof. Multare individually and to any and all accounts in which she has or had a legal or beneficial interest that fall within the Settlement Class definition. She does not wish to be bound by the proposed settlement, any judgment approving it, any release of claims, bar order, injunction, or other order entered in connection with it.

Prof. Multare is a long-standing Oppenheimer customer whose accounts, including account numbers XXX-[redacted] fall within the Settlement Class Period of March 17, 2022 through May 22, 2026. During this period, Oppenheimer swept cash from accounts into low-yield cash sweep vehicles while retaining spread income that rightfully belonged to her accounts. Prof. Multare's circumstances extend materially beyond the generalized class claims. Specifically, Prof. Multare contends that Oppenheimer misappropriated approximately $1,100,000 from her accounts and has additionally wrongfully withheld approximately $300,000 in interest income purportedly pursuant to FINRA Rule 2165. Her claimed damages are approximately $1,400,000 and continuing.

Remaining in the Settlement Class would directly and materially impair Prof. Multare's ability to recover her missing funds because the Settlement Agreement's Release of Claims would extinguish her individual claims against Oppenheimer arising during the Class Period. The Released Claims, as defined in the Settlement Agreement, encompass claims "arising out of, based upon, or related to" the cash sweep practices and account-management conduct at issue, which may include the alleged misappropriation of approximately $1,100,000 and the continuing withholding of interest income. By accepting the settlement, Prof. Multare could permanently surrender those claims. In addition, the Settlement Agreement's Bar Order and permanent injunction could prohibit her from pursuing individual claims in another court or forum, including FINRA arbitration, after final approval.

As Plaintiffs herein asserted damages in excess of $440,000,000 for the entire class, and the proposed settlement is $70,000,000 before counsel fees and expenses, the relief available through the settlement would not adequately address Prof. Multare's asserted individual losses. By opting out, Prof. Multare preserves her right to pursue these claims independently. **Nothing contained herein shall be construed as a waiver of any claim, cause of action, remedy, arbitration right, FINRA claim, or other proceeding that Prof. Multare has or may have against Oppenheimer or any related party.**

This request is submitted in accordance with the instructions set forth in the Notice and shall be received by the Claims Administrator no later than August 27, 2026.

Respectfully submitted,

Eric Houston
Attorney-in-Fact under Power of Attorney for Professor Diana Multare

**AGREED AND CONFIRMED:**

Professor Diana Multare
Date: 8/22/26

Schantal Robinson
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01RO0014296
Qualified in New York County
My Commission Expires Oct 6, 2027

STATE OF NEW YORK NOTARY PUBLIC 10/6/27

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID
$12.90
Origin: 10023
08/24/26
3596290029-28

PRIORITY MAIL®

0 Lb 4.30 Oz
RDC 03

EXPECTED DELIVERY DAY: 08/27/26

B901

SHIP TO:
PO BOX 301170
LOS ANGELES CA 90030-1170

USPS TRACKING® #

9505 5143 6761 6236 3654 92

PS00001000014

EP14F July 2013
OD: 12.5 x 9.5

FROM: Eric Houston
[redacted]

TO:
Oppenheimer Cash Sweep Litigation
Claims Administration
c/o Verita Global
P.O. Box 301170
Los Angeles, CA 90030-1170

RECEIVED
AUG 31 2026
VERITA GLOBAL

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES POSTAL SERVICE.

This envelope is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

*OPCS-EXCL00005*

[redacted]

RECEIVED
September 3, 2026
Claims Center

# Exclusion Cover Page

Case Name: Oppenheimer Cash Sweep Litigation

Case Code: OPCS

Exclusion Deadline: By August 27, 2026

Name of Person Filing Exclusion: OPCS-101665113
SUSAN B WASCH CT QTIP 1019 APPT TR
FBO WK WASCH DTD 12/15/92
CHRISTINE WASCH TTEE

**August 24, 2026**

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

Dear Verita Global,

I am writing to request exclusion from two claims I filed on July 10, 2026 with the Claim ID numbers:

1. [redacted]
2. [redacted]

They were filed by mistake. Please email me at the address below to confirm this request and/or with any follow-up questions.

Sincerely,

Christina E. Wasch

[redacted]

WASCH

[redacted]

[redacted]

Freedom 250

25 AUG 2026 PM 3 L

RECEIVED
SEP 03 2026
BY: ....................

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

94977-510000

*OPCS-EXCL00006*

[redacted]

RECEIVED
September 3, 2026
Claims Center

# Exclusion Cover Page

Case Name: Oppenheimer Cash Sweep Litigation

Case Code: OPCS

Exclusion Deadline: By August 27, 2026

Name of Person Filing Exclusion: OPCS-101665121
SUSAN B WASCH 1019 APPT TR
FBO WILLIAM K WASCH DTD 12/15/92
CHRISTINA WASCH TTEE

**August 24, 2026**

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

Dear Verita Global,

I am writing to request exclusion from two claims I filed on July 10, 2026 with the Claim ID numbers:

1. [redacted]
2. [redacted]

They were filed by mistake. Please email me at the address below to confirm this request and/or with any follow-up questions.

Sincerely,

Christina E. Wasch

[redacted]

WASCH

[redacted]

[redacted]

25 AUG 2026 PM 3 L

Freedom 250

RECEIVED
SEP 03 2026
BY: ....................

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

94977-510000

*OPCS-EXCL00007*

[redacted]

RECEIVED
September 3, 2026
Claims Center

# Exclusion Cover Page

Case Name: Oppenheimer Cash Sweep Litigation

Case Code: OPCS

Exclusion Deadline: By August 27, 2026

Name of Person Filing Exclusion: Agnes B Mendelson IRA

August 22, 2026

[redacted]

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
PO Box 5100
Larkspur, CA 94977-5100

Dear Sir or Madam,

I request to be excluded from the Class in Liberty Capital Group v. Oppenheimer & Co. Inc., No. 1:25-cv-04822-JSR (S.D.N.Y.). Per the instructions under Question 10 of the Notice of Pendency of Class Action, Proposed Settlement and Motion for Attorney's Fees and Expenses, here are the cash balances for the accounts that participated in the ABDP during March 17, 2022 and May 22, 2026.

| Account Title | Account # | 3/17/22 | 5/22/26 |
|---|---|---|---|
| AGNES B MENDELSON IRA | [redacted] | 3,639.31 | 3,639.31 |
| AGNES B MENDELSON IRA | [redacted] | 7,787.94 | 38,840.12 |
| AGNES B MENDELSON IRA | [redacted] | 24,248.99 | 24,248.99 |
| ALAN MENDELSON ROTH DECD IRA | [redacted] | 67,989.77 | 67,888.64 |
| LAINA MENDELSON UTMA/CA | [redacted] | 374.15 | 374.15 |
| TREVOR B MENDELSON UTMA/CA | [redacted] | 297.65 | 297.65 |
| ELLA A MENDELSON UTMA/CA | [redacted] | 375.56 | 375.56 |
| ETHAN M MENDELSON UTMA/CA | [redacted] | 377.33 | 377.33 |

Sincerely,

Agnes B. Mendelson

Agnes B. Mendelson
[redacted]

PRIORITY® MAIL

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

APPLY PRIORITY MAIL POSTAGE HERE

Retail

U.S. POSTAGE PAID
PM
[redacted]
AUG 22, 2026

94977

$12.90

RDC 03 0 Lb 0.70 Oz S2324W501721-19

Agnes Mendelson
[redacted]

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

RECEIVED
SEP 03 2026
BY: ....................

EXPECTED DELIVERY DAY: 08/25/26

USPS TRACKING® #

[redacted]

EP14H February 2024 Outer Dimension: 10 x 5

*OPCS-EXCL00008*

[redacted]

RECEIVED
September 3, 2026
Claims Center

# Exclusion Cover Page

Case Name: Oppenheimer Cash Sweep Litigation

Case Code: OPCS

Exclusion Deadline: By August 27, 2026

Name of Person Filing Exclusion: Agnes B Mendelson IRA

August 22, 2026

[redacted]

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
PO Box 5100
Larkspur, CA 94977-5100

Dear Sir or Madam,

I request to be excluded from the Class in Liberty Capital Group v. Oppenheimer & Co. Inc., No. 1:25-cv-04822-JSR (S.D.N.Y.). Per the instructions under Question 10 of the Notice of Pendency of Class Action, Proposed Settlement and Motion for Attorney's Fees and Expenses, here are the cash balances for the accounts that participated in the ABDP during March 17, 2022 and May 22, 2026.

| Account Title | Account # | 3/17/22 | 5/22/26 |
|---|---|---|---|
| AGNES B MENDELSON IRA | [redacted] | 3,639.31 | 3,639.31 |
| AGNES B MENDELSON IRA | [redacted] | 7,787.94 | 38,840.12 |
| AGNES B MENDELSON IRA | [redacted] | 24,248.99 | 24,248.99 |
| ALAN MENDELSON ROTH DECD IRA | [redacted] | 67,989.77 | 67,888.64 |
| LAINA MENDELSON UTMA/CA | [redacted] | 374.15 | 374.15 |
| TREVOR B MENDELSON UTMA/CA | [redacted] | 297.65 | 297.65 |
| ELLA A MENDELSON UTMA/CA | [redacted] | 375.56 | 375.56 |
| ETHAN M MENDELSON UTMA/CA | [redacted] | 377.33 | 377.33 |

Sincerely,

Agnes B. Mendelson
[redacted]

**PRIORITY® MAIL**

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

APPLY PRIORITY MAIL POSTAGE HERE

*Retail*

UNITED STATES POSTAL SERVICE®

94977

RDC 03

0 Lb 0.70 Oz

U.S. POSTAGE PAID
PM
[redacted]
AUG 22, 2026

**$12.90**

S2324W501721-19

M

Agnes Mendelson
[redacted]

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

RECEIVED
SEP 03 2026
BY: ....................

EXPECTED DELIVERY DAY: 08/25/26

USPS TRACKING® #

EP14H February 2024 Outer Dimension: 10 x 5

*OPCS-EXCL00009*

[redacted]

RECEIVED
September 3, 2026
Claims Center

# Exclusion Cover Page

Case Name: Oppenheimer Cash Sweep Litigation

Case Code: OPCS

Exclusion Deadline: By August 27, 2026

Name of Person Filing Exclusion: Agnes B Mendelson IRA

August 22, 2026

[redacted]

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
PO Box 5100
Larkspur, CA 94977-5100

Dear Sir or Madam,

I request to be excluded from the Class in Liberty Capital Group v. Oppenheimer & Co. Inc., No. 1:25-cv-04822-JSR (S.D.N.Y.). Per the instructions under Question 10 of the Notice of Pendency of Class Action, Proposed Settlement and Motion for Attorney's Fees and Expenses, here are the cash balances for the accounts that participated in the ABDP during March 17, 2022 and May 22, 2026.

| **Account Title** | **Account #** | **3/17/22** | **5/22/26** |
|---|---|---|---|
| AGNES B MENDELSON IRA | [redacted] | 3,639.31 | 3,639.31 |
| AGNES B MENDELSON IRA | | 7,787.94 | 38,840.12 |
| AGNES B MENDELSON IRA | | 24,248.99 | 24,248.99 |
| ALAN MENDELSON ROTH DECD IRA | | 67,989.77 | 67,888.64 |
| LAINA MENDELSON UTMA/CA | | 374.15 | 374.15 |
| TREVOR B MENDELSON UTMA/[redacted] | | 297.65 | 297.65 |
| ELLA A MENDELSON UTMA/CA | | 375.56 | 375.56 |
| ETHAN M MENDELSON UTMA/CA | | 377.33 | 377.33 |

Sincerely,

Agnes B. Mendelson

Agnes B. Mendelson
[redacted]

PRIORITY® MAIL

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

APPLY PRIORITY MAIL POSTAGE HERE

Retail

UNITED STATES POSTAL SERVICE®

94977

U.S. POSTAGE PAID
PM
[redacted]
AUG 22, 2026

$12.90

S2324W501721-19

RDC 03 0 Lb 0.70 Oz

Aanes Mendelson
[redacted]

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

RECEIVED
SEP 03 2026
BY: ....................

EXPECTED DELIVERY DAY: 08/25/26

USPS TRACKING® #

[redacted]

EP14H February 2024 Outer Dimension: 10 x 5

*OPCS-EXCL00010*

[redacted]

RECEIVED
September 3, 2026
Claims Center

# Exclusion Cover Page

Case Name: Oppenheimer Cash Sweep Litigation

Case Code: OPCS

Exclusion Deadline: By August 27, 2026

Name of Person Filing Exclusion: Alan Mendelson Roth IRA (Decd)
Agnes B Mendelson

August 22, 2026

[redacted]

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
PO Box 5100
Larkspur, CA 94977-5100

Dear Sir or Madam,

I request to be excluded from the Class in Liberty Capital Group v. Oppenheimer & Co. Inc., No. 1:25-cv-04822-JSR (S.D.N.Y.). Per the instructions under Question 10 of the Notice of Pendency of Class Action, Proposed Settlement and Motion for Attorney's Fees and Expenses, here are the cash balances for the accounts that participated in the ABDP during March 17, 2022 and May 22, 2026.

| Account Title | Account # | 3/17/22 | 5/22/26 |
|---|---|---|---|
| AGNES B MENDELSON IRA | [redacted] | 3,639.31 | 3,639.31 |
| AGNES B MENDELSON IRA | | 7,787.94 | 38,840.12 |
| AGNES B MENDELSON IRA | | 24,248.99 | 24,248.99 |
| ALAN MENDELSON ROTH DECD IRA | | 67,989.77 | 67,888.64 |
| LAINA MENDELSON UTMA/CA | | 374.15 | 374.15 |
| TREVOR B MENDELSON UTMA/CA | | 297.65 | 297.65 |
| ELLA A MENDELSON UTMA/CA | | 375.56 | 375.56 |
| ETHAN M MENDELSON UTMA/CA | | 377.33 | 377.33 |

Sincerely,

Agnes B. Mendelson

Agnes B. Mendelson
[redacted]

PRIORITY® MAIL

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

APPLY PRIORITY MAIL POSTAGE HERE

Retail

UNITED STATES POSTAL SERVICE

94977

U.S. POSTAGE PAID
[redacted]
AUG 22, 2026

$12.90

RDC 03 0 Lb 0.70 Oz S2324W501721-19

Agnes Mendelson
[redacted]

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

RECEIVED
SEP 03 2026
BY: ....................

EXPECTED DELIVERY DAY: 08/25/26

USPS TRACKING® #

EP14H February 2024 Outer Dimension: 10 x 5

*OPCS-EXCL00011*

[redacted]

RECEIVED
September 3, 2026
Claims Center

# Exclusion Cover Page

Case Name: Oppenheimer Cash Sweep Litigation

Case Code: OPCS

Exclusion Deadline: By August 27, 2026

Name of Person Filing Exclusion: Laina Mendelson UTMA/CA
Agnes B Mendelson

August 22, 2026

[redacted]

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
PO Box 5100
Larkspur, CA 94977-5100

Dear Sir or Madam,

I request to be excluded from the Class in Liberty Capital Group v. Oppenheimer & Co. Inc., No. 1:25-cv-04822-JSR (S.D.N.Y.). Per the instructions under Question 10 of the Notice of Pendency of Class Action, Proposed Settlement and Motion for Attorney's Fees and Expenses, here are the cash balances for the accounts that participated in the ABDP during March 17, 2022 and May 22, 2026.

| Account Title | Account # | 3/17/22 | 5/22/26 |
|---|---|---|---|
| AGNES B MENDELSON IRA | [redacted] | 3,639.31 | 3,639.31 |
| AGNES B MENDELSON IRA | | 7,787.94 | 38,840.12 |
| AGNES B MENDELSON IRA | | 24,248.99 | 24,248.99 |
| ALAN MENDELSON ROTH DECD IRA | | 67,989.77 | 67,888.64 |
| LAINA MENDELSON UTMA/CA | | 374.15 | 374.15 |
| TREVOR B MENDELSON UTMA/CA | | 297.65 | 297.65 |
| ELLA A MENDELSON UTMA/CA | | 375.56 | 375.56 |
| ETHAN M MENDELSON UTMA/CA | | 377.33 | 377.33 |

Sincerely,

Agnes B. Mendelson

Agnes B. Mendelson
[redacted]

PRIORITY® MAIL

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

APPLY PRIORITY MAIL POSTAGE HERE

Retail

UNITED STATES POSTAL SERVICE

U.S. POSTAGE PAID
[redacted]
AUG 22, 2026

94977

$12.90

RDC 03 0 Lb 0.70 Oz S2324W501721-19

Agnes Mendelson
[redacted]

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

RECEIVED
SEP 03 2026
BY: ....................

EXPECTED DELIVERY DAY: 08/25/26

USPS TRACKING® #

[redacted]

EP14H February 2024 Outer Dimension: 10 x 5

*OPCS-EXCL00012*

[redacted]

RECEIVED
September 3, 2026
Claims Center

# Exclusion Cover Page

Case Name: Oppenheimer Cash Sweep Litigation

Case Code: OPCS

Exclusion Deadline: By August 27, 2026

Name of Person Filing Exclusion: Trevor B Mendelson UTMA/CA
Agnes B Mendelson

August 22, 2026

[redacted]

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
PO Box 5100
Larkspur, CA 94977-5100

Dear Sir or Madam,

I request to be excluded from the Class in Liberty Capital Group v. Oppenheimer & Co. Inc., No. 1:25-cv-04822-JSR (S.D.N.Y.). Per the instructions under Question 10 of the Notice of Pendency of Class Action, Proposed Settlement and Motion for Attorney's Fees and Expenses, here are the cash balances for the accounts that participated in the ABDP during March 17, 2022 and May 22, 2026.

| Account Title | Account # | 3/17/22 | 5/22/26 |
|---|---|---|---|
| AGNES B MENDELSON IRA | [redacted] | 3,639.31 | 3,639.31 |
| AGNES B MENDELSON IRA | [redacted] | 7,787.94 | 38,840.12 |
| AGNES B MENDELSON IRA | [redacted] | 24,248.99 | 24,248.99 |
| ALAN MENDELSON ROTH DECD IRA | [redacted] | 67,989.77 | 67,888.64 |
| LAINA MENDELSON UTMA/CA | [redacted] | 374.15 | 374.15 |
| TREVOR B MENDELSON UTMA/CA | [redacted] | 297.65 | 297.65 |
| ELLA A MENDELSON UTMA/CA | [redacted] | 375.56 | 375.56 |
| ETHAN M MENDELSON UTMA/CA | [redacted] | 377.33 | 377.33 |

Sincerely,

Agnes B. Mendelson

Agnes B. Mendelson
[redacted]

PRIORITY® MAIL

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

APPLY PRIORITY MAIL POSTAGE HERE

Retail

U.S. POSTAGE PAID
[redacted]
AUG 22, 2026

94977

$12.90

RDC 03 0 Lb 0.70 Oz S2324W501721-19

Agnes Mendelson
[redacted]

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

RECEIVED
SEP 03 2026
BY: ....................

EXPECTED DELIVERY DAY: 08/25/26

USPS TRACKING® #

EP14H February 2024 Outer Dimension: 10 x 5

*OPCS-EXCL00013*

[redacted]

RECEIVED
September 3, 2026
Claims Center

# Exclusion Cover Page

Case Name: Oppenheimer Cash Sweep Litigation

Case Code: OPCS

Exclusion Deadline: By August 27, 2026

Name of Person Filing Exclusion: Ella A Mendelson UTMA/CA
Agnes B Mendelson

August 22, 2026

[redacted]

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
PO Box 5100
Larkspur, CA 94977-5100

Dear Sir or Madam,

I request to be excluded from the Class in Liberty Capital Group v. Oppenheimer & Co. Inc., No. 1:25-cv-04822-JSR (S.D.N.Y.). Per the instructions under Question 10 of the Notice of Pendency of Class Action, Proposed Settlement and Motion for Attorney's Fees and Expenses, here are the cash balances for the accounts that participated in the ABDP during March 17, 2022 and May 22, 2026.

| Account Title | Account # | 3/17/22 | 5/22/26 |
|---|---|---|---|
| AGNES B MENDELSON IRA | [redacted] | 3,639.31 | 3,639.31 |
| AGNES B MENDELSON IRA | | 7,787.94 | 38,840.12 |
| AGNES B MENDELSON IRA | | 24,248.99 | 24,248.99 |
| ALAN MENDELSON ROTH DECD IRA | | 67,989.77 | 67,888.64 |
| LAINA MENDELSON UTMA/CA | | 374.15 | 374.15 |
| TREVOR B MENDELSON UTMA/CA | | 297.65 | 297.65 |
| ELLA A MENDELSON UTMA/CA | | 375.56 | 375.56 |
| ETHAN M MENDELSON UTMA/CA | | 377.33 | 377.33 |

Sincerely,

Agnes B. Mendelson

Agnes B. Mendelson
[redacted]

PRIORITY® MAIL

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

APPLY PRIORITY MAIL POSTAGE HERE

Retail

UNITED STATES POSTAL SERVICE®

94977

U.S. POSTAGE PAID
[redacted]
AUG 22, 2026

$12.90

RDC 03 0 Lb 0.70 Oz S2324W501721-19

Agnes Mendelson
[redacted]

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

RECEIVED
SEP 03 2026
BY: ....................

EXPECTED DELIVERY DAY: 08/25/26

USPS TRACKING® #

EP14H February 2024 Outer Dimension: 10 x 5

*OPCS-EXCL00014*

[redacted]

RECEIVED
September 3, 2026
Claims Center

# Exclusion Cover Page

Case Name: Oppenheimer Cash Sweep Litigation

Case Code: OPCS

Exclusion Deadline: By August 27, 2026

Name of Person Filing Exclusion: Ethan M Mendelson UTMA/CA
Agnes B Mendelson

August 22, 2026

[redacted]

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
PO Box 5100
Larkspur, CA 94977-5100

Dear Sir or Madam,

I request to be excluded from the Class in Liberty Capital Group v. Oppenheimer & Co. Inc., No. 1:25-cv-04822-JSR (S.D.N.Y.). Per the instructions under Question 10 of the Notice of Pendency of Class Action, Proposed Settlement and Motion for Attorney's Fees and Expenses, here are the cash balances for the accounts that participated in the ABDP during March 17, 2022 and May 22, 2026.

| Account Title | Account # | 3/17/22 | 5/22/26 |
|---|---|---|---|
| AGNES B MENDELSON IRA | [redacted] | 3,639.31 | 3,639.31 |
| AGNES B MENDELSON IRA | [redacted] | 7,787.94 | 38,840.12 |
| AGNES B MENDELSON IRA | [redacted] | 24,248.99 | 24,248.99 |
| ALAN MENDELSON ROTH DECD IRA | [redacted] | 67,989.77 | 67,888.64 |
| LAINA MENDELSON UTMA/CA | [redacted] | 374.15 | 374.15 |
| TREVOR B MENDELSON UTMA/CA | [redacted] | 297.65 | 297.65 |
| ELLA A MENDELSON UTMA/CA | [redacted] | 375.56 | 375.56 |
| ETHAN M MENDELSON UTMA/CA | [redacted] | 377.33 | 377.33 |

Sincerely,

Agnes B. Mendelson

Agnes B. Mendelson
[redacted]

PRIORITY® MAIL

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

APPLY PRIORITY MAIL POSTAGE HERE

Retail

UNITED STATES POSTAL SERVICE®

94977

RDC 03

0 Lb 0.70 Oz

U.S. POSTAGE PAID
[redacted]
AUG 22, 2026

$12.90

S2324W501721-19

Aanes Mendelson
[redacted]

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

RECEIVED
SEP 03 2026
BY: ....................

EXPECTED DELIVERY DAY: 08/25/26

USPS TRACKING® #

EP14H February 2024 Outer Dimension: 10 x 5

*OPCS-EXCL00015*

[redacted]

RECEIVED
September 3, 2026
Claims Center

# Exclusion Cover Page

Case Name: Oppenheimer Cash Sweep Litigation

Case Code: OPCS

Exclusion Deadline: By August 27, 2026

Name of Person Filing Exclusion: Donald R & Kathryn M Tucker

Oppenheimer Cash Sweep Litigation
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O BOX 5100
Larkspur, CA 94497-5100

Claims Administrator,

My wife and I wish to be excluded from the Class in Liberty Capital Group v. Oppenheimer & Co. Inc., No. 1:25-cv-04822-JSR (S.D.N.Y)

**Dates participated**: March 17, 2022 through May 22, 2026

The information requested on Page 7 of the Civil Action Case No. 1:25-cv-04822-JSR, Item 10 "How do I exclude myself from the class", is supplied in this letter except for "the deposit balance during that time". That balance was not constant between March 17, 2022 and May 22, 2026.

I have most end-of-quarter Advantage Bank Deposits and the Advantage Bank Dep Interest in the account at the end of the quarter. As far as having daily bank deposits and daily bank deposit interest between the discrete dates of March 17th, 2022 and May 20, 2026, I do not have access to this.

I contacted Verita Global at info@OppenheimerCashSweepLitigation.com for clarification and received a Reference Number (CR 156327), but no clarification. I tried calling 888-808-7104 on 7/30/26 to get this information but the person I talked with did not know what this information entailed and had no answers.

If you absolutely need this information, please let me know what it is and how to get it. I am not sure how this information is pertinent to those of us who wish to be excluded. Please explain that as well.

**Name**: Donald R. Tucker
**Address**: [redacted]
**Phone**:

Donald R Tucker
Signature

8/4/2026
Date

**Name**: Kathryn M. Tucker
**Address**: [redacted]
**Phone**:

Kathryn Tucker
Signature

8/4/2026
Date

[redacted]

9589 0710 5270 3480 3509 76

[redacted]

Retail

U.S. POSTAGE PAID
PM

[redacted]

AUG 05, 2026

94497

$18.45

S2324D502010-27

RDC 03

FSC MIX Board FSC C116916

PAPER POUCH

ecycle.info

s FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

UNITED STATES POSTAL SERVICE®

PRIORITY® MAIL

ed delivery date specified for domestic use.

tic shipments include $100 of insurance (restrictions apply).*

racking® service included for domestic and many international destinations.

international insurance.**

ised internationally, a customs declaration form is required.

does not cover certain items. For details regarding claims exclusions see the
lail Manual at *http://pe.usps.com.*
national Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

T RATE ENVELOPE

TE ■ ANY WEIGHT

CKED ■ INSURED

S00001000014

EP14F October 2023

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PAPER POUCH

how2recycle.info

PRIORITY® ★ MAIL ★

UNITED STATES POSTAL SERVICE®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: DONALD R TUCKER

[redacted]

RECEIVED
SEP 03 2026
BY:

TO:

OPPENHEIMER CASH SWEEP LITIGATION
CLAIMS ADMINISTRATOR
c/o VERITA GLOBAL
P.O. BOX 5100
LARKSPUR, CA ~~[illegible]~~
94977-5100

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights rese